# Fichthorn *against* Boyer.

5 w 159
172 76

5 W 159
20 SC 552

If one partner sign and seal an instrument in the firm's name, and the other partner be present assenting to it, he is as much bound by the instrument as if he had signed and sealed it. Any evidence which tends to establish the fact of his having assented to it is admissible.

ERROR to the common pleas of *Berks* county.

This was an action of covenant by Benneville Keim, executor of Andrew Fichthorn deceased, against Daniel Fichthorn and George Boyer. The facts of the case are sufficiently stated in the opinion of the court.

*Wharton* and *Alricks,* for plaintiff in error.
*Smith* and *Johnston,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—This was an action of covenant brought by Benneville Keim, executor of Andrew Fichthorn, against Daniel Fichthorn and George Boyer, in which there had been an award of arbitrators against both the defendants, and Boyer appealed, and pleaded *non est factum.* Nine bonds had been given on the 30th of

[Fichthorn v. Boyer.]

January 1813, by George Kershner to George Shertle, conditioned for the payment of 100 pounds respectively, at various dates. In 1820, these bonds were assigned by Shertle to Fichthorn and Boyer. On the 30th of January 1821, the following assignment of each of these bonds was executed. "For a valuable consideration to us in hand paid by Andrew Fichthorn, Jun., of the borough of Reading, Berks county, we do hereby assign and set over the within obliga-tion, and all moneys due and becoming due thereon, &c. unto the said Andrew Fichthorn, Jun., his heirs, executors, administrators and assigns; and in case the same cannot be recovered of the within named George Kershner, then we do promise and agree to pay the amount thereof, together with all charges thereupon accruing, unto the said Andrew Fichthorn, Jun., his executors, administrators and assigns.

"Witness our hands and seals, this 30th day of January 1821.

"FICHTHORN AND BOYER, [L. S.].

"Witnesses present, William Stahle, William Fichthorn."

It appeared in evidence that there were two George Boyers, father and son, who entered into partnership with D. Fichthorn in the storekeeping business, in March 1818, by written articles, to continue for one year; and parol evidence was given to show how long it continued, and who subsequently constituted the partnership. The names to the assignment of the 30th of January 1821, were written, and the seal affixed by Daniel Fichthorn. The plaintiff alleged, that George Boyer, Sen., although he did not actually exe-cute this assignment, yet was the party really intended in the trans-action, and was present at its execution and authorised it, and re-ceived the consideration, which the defendant denied; and it was in relation to this point that the evidence was offered, on the rejection of which by the court, several bills of exceptions were taken.

The plaintiff proved by William Stahle, one of the subscribing witnesses to the assignment, that it took place in the store of Fich-thorn & Boyer; that G. Boyer, Sen., the defendant, was off and on about the time the papers were handed over, or about the time they were signed: he did not know what Boyer was doing, nor what he said: he was in or at least coincided with it: he took it; Boyer coin-cided with it: he and A. Fichthorn had a conversation about it: he could not recollect what was said. On his cross-examination, he stated he had said on a former occasion that Boyer was not present at the time, but came in afterwards and sanctioned it: his meaning was he was satisfied. The plaintiff then offered in evidence an agree-ment signed by Andrew Fichthorn, Jun., dated the 30th of January 1821, with the evidence of Mathias S. Richards, the subscribing witness, that G. Boyer was a party in receiving this agreement from A. Fichthorn, Jun., and the evidence of H. Brobst that G. Boyer received payment of the debt contemplated in this agreement. The substance of this paper was a declaration by A. Fichthorn, that in consideration of a valuable sum of money to him secured to be paid,

[Fichthorn v. Boyer.]

he thereby assigned to Daniel Fichthorn and George Boyer, the sum of 812 dollars 60 cents, with interest due on a bond in his favour from G. M. Brobst and George Yerger of Reading, on which a suit had been brought, and agreed, in case it should not be recovered, to pay the said sum to the said Fichthorn and Boyer, and appointed D. Fichthorn his attorney to prosecute the suit and receive the money. This evidence was objected to by the defendant, and rejected by the court. In this rejection the court was right, because the paper did not then appear to be connected with the assignment on which this suit is brought, and therefore the defendants being a party to it, or receiving payment of the debt mentioned in it, did not tend in any way to support the issue. In a subsequent stage of the cause, after the introduction of other evidence by the plaintiff, this paper was received in evidence.

The plaintiff then offered in evidence another paper, dated the 4th of January 1822, and purporting to be an agreement between the parties to it, signed, Fichthorn & Boyer, [L. S.] of the one part, and signed, Andrew Fichthorn, [L. S.] of the other part, which had a more material bearing on the issue. This agreement recited, that for a valuable consideration paid by A. Fichthorn, Jun., to the said Fichthorn & Boyers, the said Fichthorn & Boyers did assign all their right and claim to several bonds becoming due and payable by George Kershner; and in the consideration money so paid by A. Fichthorn, Jun., was included an obligation from George M. Brobst, for 800 dollars principal, calculated and taken in the account for said sum, as of April 15th, 1821, and it was then agreed by the said parties, and thereby expressed, that in case the aforesaid sum, or any part thereof, should not be recovered by the said Fichthorn & Boyers from the said Brobst, or in his behalf, then the said A. Fichthorn, Jun. should be liable for such sum as might be unpaid on said bond, and should return an equal amount in bonds payable by the said George Kershner, assigned as aforesaid by the said Fichthorn & Boyers to A. Fichthorn, Jun. On offering this agreement the plaintiffs proved by M. S. Richards, one of the subscribing witnesses to it, that Daniel Fichthorn signed it on the part of the firm; and that he had no doubt George Boyer was privy and present. The defendant objected to the evidence of the agreement, and the court rejected it.

It is to be observed that the question at issue between the parties was, whether George Boyer, the defendant, though he did not sign or seal the assignment of the 30th of January 1821, was not the party intended in the transaction, and present authorising or assenting to it when D. Fichthorn signed the name of the firm and put the seal. For if he was, it is settled by the decisions of our own and other courts, that he is as much bound by it as if he had personally signed and sealed the instrument. Hart *v.* Withers, 1 *Penns. Rep.* 285; 3 *Kent's Com.* Now the agreement of the 4th of January 1822, goes to establish this fact; for it recites that the said Fichthorn & Boyers, parties to that agreement, were the persons who had exe-

v.——v

cuted the assignment of the bonds of Kershner: and Richards's evidence proves that the defendant was present and privy to this last agreement, and was, therefore, a party to it. The fact of one person being present assenting to the execution of a sealed instrument by another in his name, may be established by any of the usual modes of evidence. It is not essential that it be proved by a witness who saw him in the act. Whatever goes to satisfy the minds of a jury is evidence. The admission or acknowledgement, subsequently, is strong evidence. If so, the acknowledgement by the defendant Boyer in an instrument to which he was a party by being interested and present and assenting to its execution is admissible evidence to go to a jury. I will not say that the defendant is estopped by it. Estoppels are not to be relied on unless specially pleaded. But as an acknowledgement, deliberately made by the defendant, it ought to have been admitted. I am of opinion, therefore, that the court erred in rejecting this evidence.

The plaintiff then again offered the paper first mentioned, of the 30th of January 1821, and also M. S. Richards to contradict D. Fichthorn as to the purchase of the bond of Brobst. Daniel Fichthorn had been examined as a witness by the defendant, without objection by the plaintiff, and stated that the defendant, Boyer, had no interest in the bonds; that no one was concerned with the witness in the purchase but his brother-in-law, G. Boyer, Jun.; that the defendant was not concerned in the sale or purchase of them. The plaintiff for the purpose of contradicting him, offered to ask the witness whether the defendant went with him to D. Fichthorn to get the assignments drawn and gave directions about them, and pressed on the plaintiff to buy them. This evidence being objected to by the defendant, was overruled by the court. The evidence to be sure was slight, since, as has been suggested by the defendant's counsel, he might have gone to D. Fichthorn for this purpose without having any interest in the matter, and on behalf of others. But still as it went to show an activity on the part of the defendant in relation to the transactions on which this suit is brought, it was for the jury to judge in what capacity he went. If it went in any respect to show him interested, it was material as a part of the ground of his liability, and ought to have been received.

Judgment reversed, and *a venire facias de novo* awarded.