## HUNT v. KLINE ET AL.

### October 26, 1839.

*Rule to show cause why the judgment should not be opened, and the execution set aside.*

A partnership composed of A. B. & C. One of the partners, A., confesses a judgment in favour of D. in an amicable action against A. B. and C. The other partners, by affidavit, aver that it was not for a debt due by the firm, and was against their assent, and immediately apply to the court to have the judgment opened. *Held:*

1. That upon an allegation, by the other partners, of fraud or mistake in the

[Hunt v. Kline et al.]

partner confessing the judgment, or that the amount was not in equity or good conscience due, *setting forth the circumstances*, the court would let them into a defence on the merits.

2. But the judgment must stand as a security until the determination of the issue.

3. The right of one partner to confess a judgment against all the partners, considered.

THIS was an action in which Nathan Y. Hunt was plaintiff, and John Kline, George Kline, and Benjamin Hunt, trading, &c. were defendants, to September term, 1839, No. 886. It was entered by the amicable agreement of Benjamin Hunt, one of the defendants, and there was a confession of judgment by the same defendant, in the name and on behalf of all the defendants.

The other defendants presented affidavits, averring that the judgment was confessed by their copartner without their consent, and in fraud of their rights, that they had a defence upon the merits against plaintiff's claim, setting them forth in detail, and on their motion a rule was granted to show cause why the judgment and execution issued thereon, should not be set aside.

*Hirst*, for the rule.
*O. Thompson*, contra.

PER CURIAM.—Of the capacity of one partner to bind another in the ordinary course of their copartnership business, there is no doubt. (See *Gow. on Part.* 56 to 80.) Even an instrument signed by one partner in the name of the firm, and with a seal affixed to it, is binding on all the partners, if done with the *assent* of the other partners. (Fitchthorn *v.* Boyer, 5 *Watts* 159.) So if assent, expressly given to one partner by the firm to confess a judgment, or if the parol assent or knowledge without dissent to that purpose, is ascertained by a jury, the judgment will bind all. The latter, however, is a question of *fact.* But the question *here* is, whether there is any power in a single partner, *ex relatione* the contract of partnership simply, to bind the firm by a confession of judgment for a claim not justly due by the firm, as the matter is alleged; *i. e.* are the other partners *ipso facto* the confession of the judgment, precluded from being heard. We think not. Where an *individual* has confessed a judgment, upon a proper *prima facie* case exhibiting fraud or mistake, the courts of

[Hunt v. Kline et. al.]

Pennsylvania, adopting the doctrines of equity, and to prevent a failure of justice, if the application is seasonable, will let the defendant into a defence.   This arises from the nature of our jurisprudence, in which we have engrafted equity principles on our common law jurisdiction.   This being the law in the case of an individual, why should it not be so in the case of a partnership, entitling its members to a just and legal defence?   And the doctrine of estoppel does not apply.   That doctrine is derived from the making of a deed by a party in his own right, and not from the implied relations of agency or copartnership.   Upon this broad ground, therefore, this application is granted.   It will be observed by the parties, that the court do not decide any question as to any facts, which may subsequently appear before a jury, and the plaintiff, if he requires it, may have the judgment to stand as a security.   But upon the primary case presented, the defendants (Klines) must be let into a defence.

Rule accordingly.[a]


---

[a] In this case, subsequent to the above decision, on the application of the plaintiff the court wholly vacated the judgment on the ground that it was absolutely void. It is distinguished from the case of Nichols *v.* Anguera, *ante,* p. 290.