## Bond *against* Aitkin.

A partner may bind his copartner by a contract under seal in the name and for the use of the firm in the course of its business, provided the copartner assents to the contract previously to its execution, or afterwards ratifies and adopts it; and this assent or adoption may be by parol.

The bond of one partner taken at the time money is loaned to the firm, and as the consideration for such loan, is an extinguishment of the debt, and not a collateral security.

ERROR to the Common Pleas of *Delaware* county.

This was an action of debt brought by Charles Bond against John Aitkin and James Aitkin, trading under the firm of John and James Aitkin, on the following note:

Six months after date we promise to pay to Charles Bond or order four hundred dollars, with five per cent. interest, without defalcation, for value received. Witness our hands and seals, this 1st day of October 1836.

JNO. & JAS. AITKIN. [L. S.]

The plaintiffs declared in one count against the defendants as partners in a sealed instrument alleged to have been executed by them, and in another against them as partners for money lent. James Aitkin pleaded payment with leave, &c. and *non est factum* to the first count. Judgment by default was entered against John.

The plaintiff called a witness, who testified that he called on James Aitkin, and presented to him the note in suit for payment. Witness asked him if he had signed it. He replied that he had not, that John had signed it; that he did not know it at the time, but if he had, he would have been perfectly satisfied; the money was got for the firm and went into the firm. Witness then asked him for his individual note, which he refused, saying he preferred it should be sued out as a partnership claim, that the neighbours might know it was not his fault. He said he could not pay the amount of the note at that time, but if he could make collections, it should be paid by the 1st October: he had left his brother to settle the books and thought he had paid it. Witness told him he thought he would have to pay the note, when he replied he thought

[Bond v. Aitkin.]

the note as good as if he gave his individual note. He admitted that he and John had been partners.

Another witness proved that the body of the note and signature were in the handwriting of John Aitkin. That the defendants were in partnership for several years, John being the active partner. The partnership was dissolved about the year 1839. On the dissolution the property remained with John, who was to pay the debts of the firm.

BELL (President) charged the jury as follows:

The plaintiff declares in two counts, one on a bill single alleged to be executed by John and James Aitkin, dated October 1st 1836, to secure the payment of $400. To this the defendant James Aitkin pleads *non est factum;* and this plea raises the question whether the obligation is in truth the deed of John and James, as the plaintiff argues. It appears the bill obligatory was signed by John alone, and although he used the name of his partner as one of a firm, it is not binding on James; for, generally speaking, one partner cannot bind another by specialty or instrument under seal, sealed instruments not being such as are used in transacting partnership affairs. The plaintiff cannot, therefore, recover on his first count, for he has failed to prove the bill single declared on is the deed of the defendants.

But the plaintiff, in a second count, declares against John and James Aitkin, as partners, for money loaned to them. On the evidence, the jury can entertain little or no doubt that the money sought to be recovered was borrowed from the plaintiff on the partnership account and applied to partnership purposes, and so became the joint debt of both the partners, though actually borrowed but by one of them. *Primâ facie,* therefore, both would be liable in this action. But in answer to this statement of the plaintiff's claim, the defendants set up the bill single given in evidence by the plaintiff under his first count, as a bar to his recovery on the second. This bill single must be taken as executed by John Aitkin alone; for though signed in the name of the firm, it is good against him, and him alone. But it is the undoubted rule in Pennsylvania, that if the creditor of a firm accept the obligation of one of the partners for the firm debt, the original claim is merged and extinguished in the new security, and the creditor cannot afterwards have recourse to the first liability, as is attempted here.

But it is shown that James Aitkin promised to pay this debt subsequently to the execution of the bill single, and if this were an action against him alone, I incline to the opinion that the plaintiff might recover on this promise, as based on a subsequent consideration. But this is an action against two, John and James; and before the plaintiff can recover, he must show a joint liability on the part of the defendants to answer. In this he has failed. I am, therefore, of opinion the plaintiff is not entitled to recover in this action, and your verdict ought to be for the defendants.

[Bond v. Aitkin.]

The plaintiff excepted to the charge, and assigned the following errors:

1. The court erred in charging that the bill single executed by John Aitkin was an extinguishment of the joint debt of both defendants.

2. In charging that the plaintiff could not recover upon the second count of the declaration.

3. In charging that the plaintiff could not recover upon James Aitkin's promise to pay.

4. In charging that there was no joint liability.

5. In charging that the bill single was void as to James Aitkin.

*Edwards* and *B. Tilghman*, for plaintiff in error. A partner may be bound by a deed executed on behalf of the firm by his copartner, provided there be either a previous authority or a subsequent adoption of the act. 3 *Kent* 47; *Cady* v. *Shepherd*, (11 *Pick.* 405); *Taylor* v. *Coryell*, (12 *Serg. & Rawle* 249); *Darst* v. *Roth*, (4 *Wash. C. C.* 471); *Story on Part.* 180; and such previous authority or subsequent ratification need not be under seal, nor in writing, nor specially communicated for the specific purpose; but may be inferred from the partnership, and from the subsequent conduct of the copartner implying an assent to the act. *Gram* v. *Seton*, (1 *Hall* 262).

But the note is not a bar to the plaintiff's recovery on the count for money lent. 4 *B. & C.* 968; 1 *Saund. Pl.* 403; *Emly* v. *Lye*, (15 *East* 6). The separate note of one partner is not an extinguishment or satisfaction of their joint debt, unless there was a special agreement to that effect, or such was the intention of the parties; and this is a question for the jury. *Estate of Davis & Desauque*, (5 *Whart.* 538); *Sheehy* v. *Mandeville*, (6 *Cranch* 264); *Mason* v. *Wickersham*, (4 *Watts & Serg.* 100); *Bedford* v. *Deakin*, (2 *B. & Ald.* 210). They also referred to *Day* v. *Leal*, (14 *Johns.* 404); *Wallace* v. *Fairman*, (4 *Watts* 379); *Weakly* v. *Bell*, (9 *Watts* 280); *Jones* v. *Johnson*, (3 *Watts & Serg.* 279).

*Lewis*, contra. An instrument under seal executed by one partner in the name of the firm, will not bind his copartner, unless there be an express authority by deed, or he be present and assent to the sealing and delivery by the other as the act of the firm. *Harrison* v. *Jackson*, (7 *T. R.* 207); *Hart* v. *Withers*, (1 *P. R.* 285); *Overton* v. *Tozer*, (7 *Watts* 331); *Gerard* v. *Basse*, (1 *Dall.* 119); *Cash* v. *Tozer*, (1 *Watts & Serg.* 519); *Bitzer* v. *Shunk*, (1 *Watts & Serg.* 341); *U. States* v. *Astley*, (3 *Wash. C. C.* 508): and no subsequent acknowledgment or declaration after the dissolution of the partnership will make it the act of the firm. *Searight* v. *Craighead*, (1 *P. R.* 135); *Deckert* v. *Filbert*, (3 *Watts & Serg.* 454.)

The opinion of the Court was delivered by

SERGEANT, J.—The question arising in this case has undergone

[Bond v. Aitkin.]

a thorough discussion in the two late cases of *Gram* v. *Seton*, (1 *Hall* 262), and *Cady* v. *Shepherd*, (11 *Pick*. 400), where all the authorities are examined, and the principle is settled that a partner may bind his copartner by a contract under seal, in the name and for the use of the firm, in the course of the partnership business, provided the copartner assents to the contract previously to its execution, or afterwards ratifies and adopts it; and this assent or adoption may be by parol. And we are satisfied that the rule is founded on principles of justice and policy, and supported by the general tenor of the adjudged cases in this country and in England. The only question in the present case is, whether there is any evidence to go to the jury to show that James Aitkin assented to the giving of the sealed bill in the name of the firm, before or at the time of its execution, or afterwards ratified it; and we think there is. The admissions made by him in the conversation with Carter, if believed, in connection with the fact that the money was got for the firm and went to its use, are evidence to go to the jury. He said that though he did not know of it at the time it was given, yet, if he had, he would have been perfectly satisfied; if he could make collections, he would pay it in October. He repeatedly desired it should be sued as a partnership claim, and declared the note was as good as if he gave his individual note. This and the whole tenor of the conversation tend strongly to the inference that he had authorized the giving of it; and we think the evidence ought to have been left to the jury to say whether such authority was given, or whether the defendant subsequently ratified the instrument.

On the additional count, we think the plaintiff has not shown a right to recover. Where the bond of one of the partners is taken for an antecedent partnership debt, it may be considered either as payment and extinguishment of such debt, or only a collateral security, according to the nature of the transaction and the circumstances attending it. *Wallace* v. *Fairman*, (4 *Watts* 378). But where there is no antecedent debt, but the bond of one partner is taken at the time money is loaned to the *partnership*, and as the consideration for loaning the money, it can hardly be treated as a collateral security. It must be considered as all one transaction, and the bond as the only security contemplated; unless, perhaps, there were strong and positive evidence to show an express agreement to the contrary by all parties. If so, then in this case the bond was the only debt; the plaintiff, if he recovered at all, must recover on it, and not on the money counts. And as there was no implied contract by both, so the express promise proved was only by one; and, therefore, we are of opinion the charge of the court below was correct, that the plaintiff could not recover on the additional count.

Judgment reversed, and a *venire de novo* awarded.