## Johns *versus* Battin.

The erroneous admission of evidence by which a party could not have been prejudiced, is not cause for the reversal of the judgment.

Where an agreement is entered into with one, as the agent of other parties, the defendants who executed the contract, in a subsequent action on it, are estopped from contesting the agent's authority to bind his principals.

If one partner signs the firm name to a sealed instrument, in the course of the partnership business, the subsequent assent to it by his copartner, so as to bind the firm, may be shown by parol.

ERROR to the District Court of *Philadelphia.*

This was an action of covenant by Joseph Battin and Samuel Battin against William Johns and Thomas Johns, trading under the firm of William & Thomas Johns, on a similar agreement to the one set forth in the case of Heilner *v.* Battin, 3 *Casey* 517. The agreement was signed J. S. Battin, per Daniel R. Bennett, and William & Thomas Johns.

On the trial the plaintiffs began by offering in evidence a letter of attorney from Joseph and Samuel Battin to Daniel R. Bennett, dated the 16th July 1845, together with an instrument of writing, purporting to be a ratification of the same. The subscribing witnesses to the letter of attorney were not called; neither was there any attempt made to show their absence from the county or state; nor was proof given of their handwriting. The defendant, for these reasons, and also because the acknowledgments thereon were insufficient and defective, objected to the admission of the letter of attorney in evidence; and also to the admission of the

[Johns v. Battin.]

alleged instrument of ratification as irrelevant, because made sub-sequent to the bringing of the suit, and as not superseding the legal proof of the letter of attorney. The judge, however, ad-mitted the evidence, and signed a bill of exceptions.

The plaintiffs' counsel then offered in evidence the article of agreement on which suit was brought.

The defendant's counsel objected to the admission of this paper in evidence, for the reasons, among others, that the agreement purported to be a contract with William & Thomas Johns, whereas the declaration alleged a contract, which, in its legal effect, was solely with William Johns; that the agreement varied from the contract declared upon, and did not suppport the same; that it did not support an action of covenant against William & Thomas Johns, or a declaration against William Johns, in manner and form, as the plaintiff had declared against him; that it was not shown to have been executed by William Johns; that there was no proof of the allegations in the declaration touching the execu-tion thereof, and that it was not admissible without such proof.

The plaintiffs' counsel then called a witness, Daniel R. Bennett, who said: "My recollection is, that only William Johns was pre-sent when the paper was signed; William Johns is the defendant now here; the business was carried on in the name of the firm. I don't know whether they use the breaker now. The firm used the breaker, and I have received money for its use from the one who did not sign the contract. William Johns and Thomas Johns are the firm, and William & Thomas Johns is the firm name."

The plaintiffs then renewed their offer of the paper in evidence, and the defendant renewed his objection. The court admitted the paper, and the defendant excepted.

There was a verdict and judgment for the plaintiffs below, whereupon William Johns, one of the defendants, removed the cause to this court by writ of error, and assigned for error (inter alia) the admission in evidence of the letter of attorney, ratifica-tion, and articles of agreement. There were other points in the case, all of which, it was admitted, had been disposed of in Heil-ner v. Battin, 3 Casey 517.

Sheppard and Mallery, for plaintiffs in error.—The letter of attorney was not proved so as to be admissible in evidence : 1 Stark. Ev. 320; 1 Greenl. Ev. § 570; Beale's Executors v. Common-wealth, 11 S. & R. 299, 303; Truby v. Byers, 6 Barr 347; Tams v. Hitner, 9 Barr 441; Williams v. Floyd, 1 Jones 499; 1 Saund. Pl. 237, 937; Call v. Dunning, 4 East 53; Rex v. Harringworth, 4 M. & S. 350; Abbott v. Plumbe, Dougl. 216.

The agreement does not support the declaration. The writ is in covenant, sued out against two persons, William Johns and

[Johns *v.* Battin.]

Thomas Johns. Both are declared against: both are jointly charged with a breach of covenant. Yet notwithstanding this, the declaration sets out a contract which seems to be legally the several contract of one person, and not the joint contract of two. It counts upon an agreement made and entered into between the plaintiffs, by their attorney in fact, of the one part, "and purporting to be made and entered into by the said William Johns and Thomas Johns, trading under the firm of William Johns & Co., of the other part, *but which said articles of agreement were in fact made and entered into by the said William Johns, of the other part, and signed and sealed by him alone* in the name of William & Thomas Johns, and which said articles of agreement so *sealed with the seal of the said defendant William Johns,* the plaintiffs now bring here into court," &c.

It is indeed held, that where a firm's name is subscribed opposite a seal, an action may be maintained against the member of the firm, individually, who subscribes the name of his firm, unless he proves that he had authority from his copartners to enter into a contract under seal, and subscribes the name of his firm to it: Gates *v.* Graham, 12 *Wend.* 53. And although it might be thus contended that this doctrine would have justified an action against William Johns alone, yet it certainly does not support the joint action against William Johns and Thomas Johns.

Authority to seal is not to be implied from an express power to make a contract not requiring a seal, nor is it to be derived from the existence of the partnership. One partner by virtue of it has no power to seal for another: 7 *T. R.* 207; 9 *Johns. Rep.* 285; 1 *Wend.* 326; 9 *Id.* 68; Gates *v.* Graham, 12 *Wend.* 55.

The cases in Pennsylvania fully establish, as a general rule, that one partner cannot bind his copartner by deed: Gerard *v.* Basse, 1 *Dall.* 119; United States *v.* Astley, 3 *W. C. C. R.* 508; Taylor *v.* Coryell, 12 *S. & R.* 248; Hart *v.* Withers, 1 *P. R.* 285; Overton *v.* Tozer, 7 *W.* 331; Fichthorn *v.* Boyer, 5 *Watts* 159; Bond *v.* Aitkin, 6 *W. & S.* 165.

*W. H. Rawle,* for defendants in error.—The question as to the admission in evidence, was decided by this court in Keen *v.* Battin, in which the opinion was marked "not to be reported." The opinion on that part of the case was in these words:

"A question of evidence growing out of the execution of the article of agreement was more discussed in the argument than its importance demanded. The article was sealed by the defendant, and by J. & S. Battin, per Daniel R. Bennett, their attorney in fact. After J. & S. Battin brought suit on the agreement against the defendant, the counsel of the respective parties agreed in writing 'that proof of the execution of the articles of the agreement sued on be waived.' How Mr. Bennett's authority to sign

[Johns v. Battin.]

and seal for the plaintiffs could be drawn in question after that, we do not understand. The defendant certainly knew the instrument was executed by an attorney in fact of the plaintiffs, and he knew he was sued on that instrument; and when he authorized his counsel to waive execution of it, he left himself small ground, no ground at all, for objecting to Bennett's authority."

He also cited Bringloe v. Goodson, 5 *Bingh. N. C.* 738; Willington v. Brown, 8 *Q. B.* 169; Willis v. Woodward, 5 *Exch.* 559; Meals v. Brandon, 4 *Harris* 225; Mix v. Smith, 7 *Barr* 75; Wright v. Wood, 11 *Harris* 130; Milliken v. Coombs, 1 *Greenl. R.* 343; 1 *Am. Lead. Cas.* 608; 3 *Casey* 525.

A partner may bind his copartner by an agreement under seal, in the name of the firm, provided the copartner assents to the contract previously to its execution, or afterward ratifies and adopts it, and this assent or adoption may be by parol, and it need not be express and special, *but may be implied from the conduct of the other partner, or the course of dealing by the firm*: Gram v. Seton and Bunker, 1 *Hall* 262; Cady v. Shepherd, 11 *Pick.* 400; Swan v. Stedman and others, 4 *Metc.* 548, 551; Bond v. Aitkin, 6 *W. & S.* 165, 168, (of course overruling Hart v. Withers, 1 *Penn. R.* 285, 291;) Pike v. Bacon, 21 *Maine* 280, 287; McCart v. Lewis, 2 *B. Monroe* 267; Darst v. Roth, 4 *Wash. C. C.* 471; Lucas v. Sanders, 1 *McMullan*, 311; Fleming v. Dunbar, 2 *Hill's So. Car.* 532; Davis v. Burton *et al.*, 3 *Scammon* 41; Witter v. M'Neil, *Id.* 433; Hatch v. Crawford, 2 *Porter* 54.

The opinion of the court was delivered by

STRONG, J.—It may be conceded that the letter of attorney, even though offered in connexion with the deed of ratification, was inadmissible. The latter instrument was at most but a solemn admission of the execution of the former, and an admission not by the parties sought to be charged. Certainly an admission by the Battin's, after suit brought, could prove nothing against William and Thomas Johns. They were not parties to the deed of ratification.

Yet it by no means follows that we are at liberty to reverse this judgment. The plaintiffs in error must satisfy us that the mistake may have been prejudicial to their case. The erroneous admission of evidence, which could in no possible manner have injured them, is not a sufficient reason for sending back the case for another trial: Bunting v. Young, 5 *W. & S.* 188. What conceivable harm did the defendants below sustain from the admission of those papers? They were offered to show that Bennett was the agent of the Battins' in making a contract subsequently to be given in evidence, a fact entirely unnecessary to be proved, in order to warrant the verdict rendered upon the issue. If the agency of Bennett was involved at all in the pleadings, the articles

[Johns *v.* Battin.]

of agreement subsequently given in evidence, and upon which the suit was brought, admitted it. Those articles designate Bennett as the agent and attorney in fact of the Battins. When proved to be their deed, William and Thomas Johns were estopped from denying what they had asserted over their seals. In no aspect of the case, therefore, have the plaintiffs in error suffered from the admission in evidence of the letter of attorney and deed of ratification.

The next and only remaining error assigned, and not abandoned is, that the court erred in admitting in evidence the articles of agreement between the plaintiffs below, by their attorney in fact, and William and Thomas Johns. They were signed and sealed as follows: " William & Thomas Johns. [Seal.]" The subscribing witness proved his own signature as a witness, but was unable to say who signed the name William & Thomas Johns, or whether one or both of them were present. Another witness, Daniel Bennett, the agent, proved that William Johns only was present when the paper was signed, that the business was carried on in the name of the firm, that the firm used the breaker, that he had received money for its use from the one who did not sign the contract, that William Johns and Thomas Johns composed the firm, and that William & Thomas Johns was the firm name. The objections urged against the admissibility of the articles are twofold: first, that the declaration averred the contract to have been made by William Johns alone, and, therefore, the agreement offered varied from the one counted upon; and, second, that it was not proved to have been the deed of Thomas Johns, one of the defendants. Without stopping to notice that the testimony of the subscribing witness seems to make a case to be submitted to the jury, we proceed to examine these two objections. It must be admitted that the legal liability charged in the declaration is not very clearly stated. We think it, however, a fair construction that the agreement is charged as the contract of both William Johns and Thomas Johns, and that the covenants are alleged to be the covenants of both. This is *deducible* from the declaration taken as a whole. If, therefore, the article of agreement was the contract of both William Johns and Thomas Johns, there was no variance *between* the allegation and the proof. Such it purported to be, and should not have been excluded on this account.

As to the remaining objection, that it was not proved to be the deed of Thomas Johns, it may be remarked, that if there was any affirmative evidence, it should have been submitted to the jury. While it is unquestionably true that one partner cannot bind his copartner by a sealed instrument; yet if he attaches a seal to the partnership name, and the other partner adopts the seal, or ratifies the instrument, it becomes the deed of both. This principle we do not understand to be controverted. It is established by

[Johns v. Battin.]

repeated adjudications, of which Fichthorn v. Boyer, 5 *Watts* 159, is a leading case in this state. In Bond v. Aitkin, 6 *W. & S.* 165, this court declared " the principle to be *well* settled that a partner may bind his copartner by a contract under seal, in the name and for the use of the firm, in the course of the partnership business, provided the copartner assents to the contract previously to its execution, or afterwards ratifies and adopts it, *and this assent or adoption may be by parol.*" Concede, now, that knowledge of the thing alleged to have been ratified is essential to ratification. Existence of that knowledge, like that of any other fact, may be inferred from circumstances. The firm used the coal-breaker, and Thomas Johns, the partner, who did not sign the contract, paid money for its use, and paid it to the agent of the Battins. Surely this was some evidence of knowledge of an existing contract, and of a contract with the Battins, and of assent to it. Else, why pay for the use of the machine, and why pay to Bennet, who, in the contract, was declared to be the agent of the plaintiffs? How did Thomas Johns know, except through the articles of agreement, that Bennet was the agent of the plaintiffs? And if he knew of the contract, then his subsequent use of the machine, and payment for that use were acts of ratification. It is argued, however, that there may have been some other contract under which the coal-breaker was used. True; but that was an inquiry for the jury, not a matter to be determined by the court. As the case stood, there was no evidence of any other. If there then was any evidence, however slight, from which knowledge of the contract and adoption of it could be inferred, that evidence should have been submitted to the jury. We think there was such evidence. That the judge gave no instructions as to its effect is not assigned for error.

Judgment affirmed.