## Schmertz *et al. versus* Shreeve *et al.*

1. Whether a seal is necessary to contract or not, is not the test of the power of one partner to bind the firm by an instrument under seal.

2. A contract under seal requires no consideration to support it, a seal importing a consideration.

3. Executed contracts may be evidenced by an instrument under seal by one partner.

4. Parol authority to an agent to make a contract may be executed by him under seal; the seal is surplusage, being in excess of his authority.

5. A verdict in debt finding no specific sum is void.

October 21st and 22d 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1869, No. 181.

This was an action of debt in the Court of Common Pleas of Venango county, by Robert C. Schmertz and James Bleakley, trading as Schmertz & Bleakley, against William A. Shreeve and A. W. Say, trading as Shreeve & Say. The defendants pleaded "nil debet," payment with leave, &c., and set-off.

The plaintiffs on the trial, September 8th 1869, before Trun-

[Schmertz *v.* Shreeve.]

key, P. J., gave in evidence an agreement, dated October 11th 1862, "between Schmertz & Bleakley, of the first part, and Shreeve & Say, of the second part," by which Shreeve & Say agreed to deliver to Schmertz & Bleakley 2000 barrels of petroleum in Lawrenceville, Allegheny county, on the first rise of the river, for which Schmertz & Bleakley were to pay seven cents per gallon by their note at four months, with a good endorser. The agreement was signed " Schmertz & Bleakley [Seal.] Shreeve & Say [Seal]."

It was admitted that the oil might have been delivered in accordance with the terms in the agreement, that the market price of oil was then 32 cents per gallon, and the plaintiffs were able to pay according to the agreement.

It was also proved that Say had no authority to sign Shreeve's name or affix his seal, and that Shreeve never recognised the agreement.

There was other evidence not of importance to the understanding of the case as decided in the Supreme Court.

The plaintiffs' points and their answers were:—

1. " Where a partner signs with a seal the firm-name to a contract, to the validity of which a seal is not essential, it binds the partnership; and the contract in suit being of that nature, the signing by Say bound both Shreeve & Say, and Shreeve had no power to repudiate it."

" Answered in the negative."

2. " If the oil was not delivered on this contract, the plaintiffs are entitled to recover the difference between the contract price and the market price at the time and place of delivery, on showing that they were ready and willing to perform their part of the contract."

Answered as follows: " If the evidence satisfies you that the contract was authorized to be so made by Shreeve, or that after the making he assented to and ratified it, this point is affirmed. This is the law as to the parties bound by the contract."

The defendants' 3d and 5th points were:—

3. " If the jury believe the evidence of the plaintiff Bleakley, that the written contract given in evidence by plaintiffs was not cancelled or changed in its terms, but remained in full force, the plaintiffs cannot recover in this action, and the verdict must be for the defendants."

Answered as follows: " If the jury believe from the evidence that the written contract was not cancelled or changed, but remained in force, and that Shreeve did not authorize the signing and sealing, and did not ratify it or assent to it after it was made, the plaintiffs cannot recover."

5. " The plaintiffs' claim being founded upon a sealed instrument, executed and sealed only by one of the partners defendants,

[Schmertz *v.* Shreeve.] ·

and no authority having been shown in the partner executing so to execute and seal for his copartner, but on the contrary the evidence all being that he had no such authority, and the partner not sealing the same, not being present at its execution, nor at any time afterwards assenting to it, nor adopting the seal as his own, but repudiating the act of his copartner in the execution of this contract, he is not bound by this contract, and the plaintiffs cannot recover against him."

Answered as follows : " The facts will be found from the evidence. If found by the jury as assumed in this point, then it is affirmed."

The verdict was for the plaintiff generally, no amount being stated in it.

The plaintiffs took a writ of error, and in four specifications assigned the answers of the court for error; and 5th, that the court erred in receiving the verdict, it being void for uncertainty.

*S. C. T. Dodd* and *Myers & Kinnear*, for plaintiffs in error.— The one question raised by the first four specifications is, whether a contract to which a seal is not necessary binds the firm when a seal is affixed by one partner : Fichthorn *v.* Boyer, 5 Watts 159 ; Bond *v.* Aitkin, 6 W. & S. 165 ; Johns *v.* Battin, 6 Casey 84 ; Deckard *v.* Case, 5 Watts 22 ; Hennessy *v.* Western Bank, 6 W. & S. 300 ; Dubois's Appeal, 2 Wright 231 ; Story on Partnership 122 ; Tapley *v.* Butterfield, 1 Metcalf 515 ; Milton *v.* Mosher, 7 Id. 244 ; Baum *v.* Dubois, 7 Wright 260 ; Jones *v.* Horner, 10 P. F. Smith 214. The verdict should have been sent back : Diehl *v.* Evans, 1 S. & R. 367 ; Smith *v.* Jenks, 10 Id. 153 ; Glass *v.* Blair, 4 Barr 196 ; Reitenbaugh *v.* Ludwick, 7 Casey 131.

*Taylor & Mackey*, and *McCalmont & Osborn*, for defendants in error, referred to the cases cited by the plaintiffs in error, and to Lawrence *v.* Taylor, 5 Hill 108 ; Snyder *v.* May, 7 Harris 235 ; 1 Story on Contr. 3.

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—It is admitted in the printed argument of the plaintiffs in error that the first four assignments of error raise but a single question for decision, and this dispenses with the necessity of considering them separately. That question as stated in the plaintiffs' 1st point which the learned judge below answered in the negative is, whether when a partner signs with a seal the firm name to a contract to the validity of which a seal is not essential, it binds the firm. This question, of course, has reference to the particular instrument which formed the ground work of the action. It was a contract to deliver merchandise at a future time for a certain price to be paid by the plaintiffs, and the

suit was to recover damages for the failure of the defendants to fulfil that engagement. It was therefore an executory contract imposing a new and original liability on the firm. It is certainly true that a seal was not essential to its validity. But that is not the test. It rather is, did it change its nature? This is unquestionable. A seal imports consideration, and a contract under seal requires no consideration to support it. Moreover there is no limitation prescribed by law to an action on a specialty or a covenant under seal. The law is too well settled to be now disturbed that the general implied power of a partner does not extend to binding the firm by instruments under seal. There are some exceptions to this rule, none of which however impair the rule itself; for it is true in this instance as in all others that *exceptio probat regulam.* The terms indeed in which the rule is stated exclude all cases of express authority to make the contract, and of subsequent ratification. Still the authorities in thus holding confirm the general doctrine: for where is the necessity of proving either prior assent or subsequent ratification if the power is implied? Fichthorn *v.* Boyer, 5 Watts 159; Bond *v.* Aitkin, 6 W. & S. 165, and Johns *v.* Battin, 6 Casey 84, are therefore determinations in point. These were all cases of contracts to the validity of which a seal was not essential. Bond *v.* Aitken indeed was a simple promissory note. But they were executory contracts. Executed contracts, such as assignments, stand on another ground. They form but the evidence of the act. The sale and delivery of merchandise for example is within the implied power of a partner. That he superadds a transfer or bill of sale under seal is but evidence of the act of disposition, and does not change its nature. When the property has been delivered it matters not whether the instrument of transfer be under seal or not: Deckard *v.* Case, 5 Watts 22. By the execution of the contract consummated by delivery, the property is transferred to the assignees, which cannot be avoided by the fact that the instrument which is the evidence of the agreement is under the seal of one of the partners only: Hennessy *v.* The Western Bank, 6 W. & S. 300. In Dubois's Appeal, 2 Wright 236, Strong, J., takes the distinction between an executed and an executory contract. " The partnership relation," said he, " will not authorize one partner to execute an instrument under seal, whereby a new and original obligation is imposed on the firm." See also Bewley *v.* Tams, 5 Harris 485, and Snyder *v.* May, 7 Id. 235. The cases of Baum *v.* Dubois, 7 Wright 260, and Jones *v.* Horner, 10 P. F. Smith 214, do not, as supposed, conflict with this doctrine. All that they determine is that a parol authority to an agent to make a contract may be executed by him under seal; the seal being beyond his authority may be rejected as surplusage. It never has been decided and probably never will be, that where one partner expressly authorizes his co-partner to

[Schmertz v. Shreeve.]

make a certain contract his affixing a seal would vitiate it. The rule in question accurately stated extends only to the implied not to the express power of one partner to bind the firm. There was no error, therefore, in the answers and charge of the learned judge below, which form the subjects of complaint in the first four assignments of error.

But the judgment must be reversed, for the verdict is bad. This was expressly decided by this court in Miller v. Hower, 2 Rawle 53, that a verdict in an action of debt finding no specific sum is void, and the judgment was reversed on that ground alone; and this is again recognised and approved in Whitesides v. Russell, 8 W. & S. 47.

Judgment reversed and *venire facias de novo* awarded.