Opinion by
Morrison, J.,
It was conceded at the trial that the legal title to the house and lot described in the writ of ejectment was vested in Andrew Shank, by deed dated April 3, 1884, from Fannie Ruhl; also conceded that the last will of Andrew Shank clothed his executors with authority to maintain this action of ejectment. Also, that defendant, Adam Witmyer, was in possession of the premises as tenant, only, of Annie Lohr. The plaintiffs made a prima facie case and it was rightly conceded that the burden rested on the defendants to show a paramount title or right of possession. This the defendant, Annie Lohr, undertook to do by showing a parol gift of the premises in dispute, to her, by her father, Andrew Shank, and that she went into possession thereof, made valuable improvements thereon and maintained such possession for a term of nearly twenty years, and that she was in possession at the time of the bringing of this suit.
In Syler v. Eckhart, 1 Binney, 378, Tilghman, C. J., said: "We see no material difference between a sale and a gift; because it certainly would be fraudulent conduct in a parent to make a gift which he knew to be void, and thus entice his child into a great expenditure of money and labor, of which he meant to reap the benefit himself.” It is contended by counsel for appellant that there is a marked distinction between the evidence required to establish a parol sale and that required to establish a parol gift. An examination of many authorities since Syler v. Eckhart does not satisfy us that there has been a very marked departure from the doctrine of that case.
In Poorman v. Kilgore, 26 Pa. 365, it is held, as clearly stated in the syllabus, as follows: "In parol sales of land, it is the duty of the courts, in the application of the practice and principles of equity, to reject all the evidence of a verbal contract; if, being taken together, it fails to make out such a *464 case as is entitled to stand as an exception to the statute of frauds and perjuries.
“The use and-possession of the real estate of a father, by a child, is to be interpreted by the law of evidence that arises from the family relation, and as between such persons, are to receive a different construction from similar acts between strangers.
“As between such persons, the evidence of a gift or sale must be direct, positive, express and unambiguous, and its terms must be clearly defined, and all the acts necessary to its validity must have special reference to it and nothing else.”
In Sower’s Admr. v. Weaver, 84 Pa. 262, Mr. Justice Gordon (p. 268) said: “What we have to consider is not whether the defendant has made out such a case as would entitle him to a decree of specific performance, for it seems to be pretty well settled, in this state at least, that equity will not enforce a contract the consideration of which is only natural love and affection, but whether he has shown enough to prevent the disturbance of his possession by Sower’s legal title. As we have seen, for this purpose, a gift, accompanied by possession, is sufficient.” Another portion of the same opinion reads: “As in parol sales where the performance has been carried so far, or is of such a character as to make compensation difficult or impossible, the contract is exempted from the operation of the statute. Such will also be the case with a gift where, in pursuance thereof, possession has been taken and valuable improvements have been made; this a fortiori, where this possession has been undisturbed for a great length of time or where the improvements have added largely to the value of the property.”
It thus clearly appears that there must be an unqualified parol gift, taking and maintaining exclusive possession thereunder and the making of valuable improvements to the real estate.
In Caldwell v. Caldwell, 24 Pa. Superior Ct. 230, we followed the doctrine of the above cases. In that case we also held that such gifts must be established by such proof as is credible, and of such weight and directness as to make out the facts *465 alleged beyond doubt, and, in the case of a gift from a parent to a child, the parties must be brought face to face at the making or rehearsal of the gift, citing: Hart v. Carroll, 85 Pa. 508. We also held: “The rule as to the character of evidence necessary to sustain a parol sale of land controls as far as applicable in the case of a parol gift.” See also Hess v. Calender, 120 Pa. 138; Sample v. Horlacher, 177 Pa. 247.
Tested by the doctrine of the above cases and half a score or more of others, cited by the learned court below in his opinion refusing a new trial and vindicating his judgment in directing a verdict in favor of the plaintiffs, we think the defendant entirely failed to make out a parol gift, taking possession thereunder and making valuable improvements such as would vest title in her or prevent her from being ousted by those claiming under the legal title of her father.
In our opinion it will be unprofitable to attempt to add to or strengthen the clear and convincing opinion of the learned court below already referred to. However, we will refer to the complaint that there was no legal writ issued in the case. There is no merit in this assignment. There was a summons in ejectment describing the property, service accepted and plea entered and trial upon the merits. Neither do we think there is any merit as to the form of the verdict. It was dated and taken in open court, and was “for plaintiff, binding instructions.” It is true it is informal, but it can have but one meaning, after judgment entered thereon, that is, it was in favor of the plaintiff for the land described in the writ. There is no merit in the complaint that the court erred in refusing to hear evidence as to the real estate owned by Andrew Shank at the time of his death. The purpose of this offer was to lay ground for arguing to the jury that Andrew Shank discriminated against the defendant in his last will because he had given her the real estate in question. The will throws no light on this subject. The testator had a clear legal right to will his property as he pleased. Moreover, he gave $300 to the defendant, and if she occupied the house and lot in question for about twenty years, as tenant at $75.00 per year, and did not pay the rent, as the evidence tends to show, this would furnish a *466 reason, if one were needed, why the testator only gave the defendant $300.
The leading witness relied on by the defendant, Annie Lohr, is Jacob Hossler. He is the only witness who brought the parties face to 'face as to any discussion or facts tending to show a parol gift. ■ His testimony, ■ taken as a whole, is not precise and convincing and it is very unsatisfactory. He does not testify, as defendant’s counsel assert, that Andrew Shank delivered to Annie Lohr his deed for the premises. He says he delivered her a paper and said, in substance, that he gave her the property. He did not pretend to say it was a deed for the property. If Annie Lohr, under a parol gift, accompanied by a delivery of her father’s deed for the property, entered into and retained possession thereof, she surely would have produced this deed at the trial or .have tried to show why it was not in her possession. But the evidence shows that Andrew Shank kept the deed locked up in his. iron safe until the time of his death. The evidence that Andrew Shank told Annie to get a deed for the property does not necessarily mean that she was to get a deed from Fannie Ruhl. Shank might have meant to have a deed prepared for him to execute to Annie. If this is so, it would be very strong evidence that he had not given the property to Annie, but had in mind to do so. This would not be sufficient basis for a title to her. In addition to this, the deed from Fannie Ruhl procured on November 19, 1903, by Annie, cuts no figure in this case. Annie knew that her father held the deed from Fannie Ruhl for the same property, dated April 3, 1884, and, therefore, the second deed from Fannie to Annie was no better than so much blank paper.
We may add that in view of the occupancy of the premises for about twenty years by Annie Lohr, the improvements made by her are trifling. It is amazing that a family could live in a house for that length of time and expend so little on improvements. The learned counsel seems to include in the value of the improvements, money paid for taxes. It is a novel proposition that paying taxes improves real estate. If Annie Lohr occupied the premises about twenty years as a tenant, *467 and did not pay her rent, in support of which there is evidence, it is not strange that her father allowed her and her .husband to pay the taxes. The evidence tends to show that Annie held possession as a tenant of her father. This destroys the clear, precise and convincing evidence of a gift.
Moreover, it is a conceded fact that at the date of the alleged gift, as testified to by Jacob Hossler, Annie Lohr was in possession of the premises in question as a tenant of her father. At that time no change in the possession took place at all and there is no clear, precise and convincing evidence from which a chancellor could find, beyond doubt, that Annie Lohr ever took possession of the said premises as an owner, with the consent of her father.
The whole evidence fails to show the making of such valuable improvements as could not be compensated for in damages. As to this essential element to sustain a parol sale or gift of land, the evidence is very weak.
It is manifest to us that on a careful reading of all the testimony, no competent, careful chancellor could have reached a conclusion that the defendant had such a title, by gift or otherwise, as would prevail against the legal title of Andrew Shank.
The assignments of error are all dismissed and the judgment is affirmed.