# S. Austin Bicking Paper Manufacturing Co. *v.* Worrall, Appellant.

*Easement—Right to a tailrace—Adverse possession—Deed—Obstruction of easement—Retrial.*

Where a deed reserved to the grantor the right to a tailrace from a gristmill, and the grantee in the deed covenanted not to obstruct the passage of the water in the race, and the owner of the fee, thereafter, constructed across the mill race a one-story frame building with a trapdoor in the floor, and this structure remained in its original condition for over twenty-one years without the owner of the easement ever having taken up the boards to clean the race, it was not error for the trial judge to submit to the jury the question "if there was that clear platform, did it afford practicable access to the race and opportunity for the cleaning of it?" The jury was instructed correctly, to the effect, that if the plaintiff could have had access to clean the race, if he had wished, his right was not lost.

A mere nonuser will not extinguish an easement reserved in a grant.

*Verdict for plaintiff—Damages—Nominal damages.*

Where the jury rendered a verdict in favor of the plaintiff which, in effect, decided that he had the right to go to the race for the purpose of cleaning it, but refused to award damages or even nominal damages, on the ground that none were proven, the verdict will be sustained and judgment will be entered upon such verdict.

Argued Nov. 19, 1919.    Appeal, No. 258, Oct. T., 1919, by defendant, from judgment of C. P. Chester Co., Jan.

242, (1920).] Statement of Facts—Opinion of the Court.

T., 1917, No. 100, on verdict for plaintiff in case of S. Austin Bicking Paper Manufacturing Company v. Harry Worrall. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for interference with the use of an easement of a mill race. Before BUTLER, P. J.

The facts appear in the previous report of the case in 69 Pa. Superior Ct. 571.

The jury rendered a verdict in favor of the plaintiff without mentioning damages, and judgment was entered thereon generally for the plaintiff. Defendant appealed.

*Errors assigned* were the charge of the court, as quoted in the opinion of the Superior Court, and in entering judgment generally upon the verdict for the plaintiff.

*S. Duffield Mitchell,* for appellant.—The use of the terms "practicable" and "impracticable" by the trial judge in the charge to the jury was misleading and did not convey the same meaning as "successfully prevented": Wilcox v. S. C. of R. A., 123 N. Y. Supp. 83; Pgh., etc., Ry. Co. v. Trac. Co., 81 N. E. 487; Des Portes v. Ry. Co., 69 S. E. 148; Joynes v. R. R. Co., 234 Pa. 321; Benjamin v. Ry. Co., 151 S. W. 91.

Judgment was erroneously entered where the jury found for the plaintiff but failed to assess the damages: Wainwright v. Burroughs, 27 N. E. 591; Kynaston v. Mayor, etc., 2 Strange 1052.

*A. M. Holding,* for appellee.

OPINION BY TREXLER, J., April 24, 1920.

We think the court below complied with the views expressed by this court when this same case was before us in 69 Pa. Superior Ct. 571. We stated that if the platform built across the race successfully prevented plain-

tiffs' access to the race for twenty-one years the right of access was gone. The learned trial judge told the jury, "If there was that clear platform, did it afford practicable access to the race and opportunity for the cleaning of it?" Although the exact language which the writer of the former opinion used was not employed by the trial judge, it was a correct statement of the law. The term "practicable" may in some respects be better than the language we used. The words "if the platform successfully prevented" might suggest the idea that a failure to clean the race within twenty-one years would operate as an extinguishment of the right reserved in the deed. This would be wrong for mere nonuser will not extinguish an easement reserved in a grant. The court below correctly applied our thought and instructed the jury in substance that if the plaintiff could have had access to clean the race if he had wished, his right was not lost. All the specifications of error in regard to this branch of the case are overruled.

The only other point covered by the assignments relates to the verdict in the case. Plaintiff claimed damages for violation of the rights he had in and to the tailrace. No actual damages were shown. The whole question resolved itself unto a determination of the rights of the parties in relation to the tailrace. The jury could therefore find no substantial damages. It was a case concededly for nominal damages. The jury found generally for the plaintiff fixing no sum. The court told them they could find nominal damages and explained what was meant by that term. They apparently took the position that if no damages were proven none could be obtained. If the plaintiff was only hurt in his rights and suffered no actual monetary loss why should he have a verdict in any amount? It must be admitted that there is considerable force to such a position and to one unlearned in the practice of the courts it would seem to be entirely correct. We think the verdict in the case should be sustained. There is authority for this posi-

tion.  It is true that a verdict in debt must be found for a specific sum.  This was declared in Schmertz v. Schreeve, 62 Pa. 457.  The objection is that the plaintiff to whom is adjudged the right to recover cannot enforce it because the amount is unascertained and he is thus deprived of the fruits of his victory.  He cannot have the prothonotary ascertain the amount for that would deprive the defendant of the right to defalk: Miller v. Hower, 2 Rawle 53.

We do not think that these cases apply to situations where nominal damages are usually given.  If the plaintiff in this case accepts the verdict, how is the defendant injured by the omission?  The lower court in his opinion refusing a new trial quoted from Stanton v. N. Y. & E. Ry. Co., 22 Atl. 300, cited in 8 R. C. L. 424, "Nominal damages mean no damages at all.  In the quaint language of an old writer they are 'a mere peg to hang costs on.'"  In Allen v. Flock, 2 P. & W. 159, in an action of ejectment the jury found for the plaintiff but failed to fix any damages and directed the plaintiff to pay the costs.  It was held that if the plaintiff did not desire to have the judgment reversed he could make the verdict good by releasing his right to damages or costs and a waiver of the writ of error was a waiver of the costs.  In the case before us the plaintiff evidently having in mind the above decision released the damages.  The intention of the jury is plain.  If it were otherwise we would come to a different conclusion.  If the language of the verdict indicated a confusion in the minds of the jury which caused injury to the defendant and did not give him a fair determination of the issue involved we should reverse, but the only reasonable explanation of the verdict is that the jury declined to give damages, however small, if none were proven.  That they found that the plaintiff had the right to go to the race for the purpose of cleaning cannot be doubted.  The policy of the law is to disregard technicalities.  Courts have frequently moulded verdicts where there has been

informality in the expression of the conclusion reached by the jury but the intent was clear and we think it could have been done in this case. It will not be necessary to review the cases but merely to refer to them : Brewer v. Lohr, 35 Pa. Superior Ct. 461; Murtland v. English, 214 Pa. 325; Haller v. Haller, 45 Pa. Superior Ct. 409; Fisher v. Kean, 1 Watts 259; Keen v. Hopkins, 48 Pa. 445; Cohn v. Scheuer, 115 Pa. 178; Clouser v. Patterson, 122 Pa. 372.

The assignments are all overruled and the judgment is affirmed.