## O'Brien v. Saint Rita Oil Company.

*Partnership—Verdict—Indexing names of individual partners—Moulding verdict—Act of March 26, 1915.*

1. Where an action is brought against a number of parties in their individual rights and as partners, and a verdict is rendered against the partnership only, the court may so mould the verdict as to add the names of the individual parties to it, and in such form it may be indexed against the individual parties as well as the partnership.

2. Under the Act of March 26, 1915, P. L. 18, a partnership is liable for any wrongful act done with its authority, and the members are responsible individually for the action of their partners who have dealt with the party injured.

Motions filed by both parties for a new trial. C. P. Blair Co., March T., 1922, No. 37.

*Robert W. Smith,* for plaintiff.

*John J. Haberstroh* and *John F. Sullivan,* for defendants.

BALDRIGE, P. J., Feb. 4, 1924.—The plaintiff brought this action against a number of parties in their individual rights and as partners, trading and doing business as the Saint Rita Oil Company. A verdict was rendered against the copartnership only, and was indexed against the individual members as well as against the copartnership. Motion was made to strike the verdict from the record, in so far as it was entered against the individuals.

The second paragraph of the plaintiff's statement avers that the company authorized four of its partners to sell oil leases, and that they were paid a certain compensation therefor. This averment of authority was not denied in the affidavit of defence, and it was properly brought upon the record.

It appears from the testimony that two of these parties interviewed the plaintiff, and she testified that they made certain statements which induced her to make purchase of the oil leases which proved to be false.

The 13th section of the Partnership Act of March 26, 1915, P. L. 18, provides as follows: "Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

Section 15 provides that: "All partners are liable . . . (*a*) Jointly and severally for everything chargeable to the partnership under sections 13 and 14."

Under this statute the partnership was liable for any wrongful act done with its authority, and the members were responsible individually for the action of their partners who dealt with the plaintiff. That has been the law since the Act of April 6, 1830, P. L. 277, and the Act of April 11, 1848, P. L. 536: Browstein and Greenman *v.* Hinderfeld et al., 29 Dist. R. 1090.

It would have been better if we had moulded the verdict and had the individual names of the partners inserted therein, but the failure so to do is not fatal.

"It is proper practice, in adversary proceedings against partnerships, to make all the partners defendants, and judgment rendered goes against all of them, in the first instance, without regard to the right of execution in point of priority, time and circumstances. And the Supreme Court has said that judgment by confession should follow this practice and be indexed against all partners chargeable with them:" Gardner *v.* Austin & Coles, 14 Pa. C. C. Reps. 549.

4 D. & C.

In the case of Miller v. Glass Works, 172 Pa. 70, the Supreme Court held that, even where a judgment note has been signed with the firm name and the individual names of the parties are not disclosed, the plaintiff may file a formal declaration against the partnership by its title, naming the individual members, and judgment may be confessed against them. See, also, Myers v. Sprenkle, 20 Pa. Superior Ct. 549; Cummings's Appeal, 25 Pa. 268.

If judgment could be confessed against the individual partners where their names do not even appear on the record, except by the formal declaration of an attorney, it would follow that a verdict could be entered against them as individuals in a case where they were named as parties, served with process, and appeared in court.

Assuming that the entry of the verdict against the individuals was improper, we have the authority to mould it in accordance with the pleadings in this case under our inherent power to amend a verdict: Cohn v. Scheuer et al., 115 Pa. 178; Paper Manuf. Co. v. Worrall, 74 Pa. Superior Ct. 242; Hug v. Hall, 79 Pa. Superior Ct. 392.

We accordingly amend the verdict by adding the names of the following: John J. Day, E. J. Day, P. M. Morrison, V. A. Oswald, John P. Reilly, Charles Miller, Peter V. Godel, John T. Malligan, Henry Doerr, J. B. Bonner, Joseph V. Garrity, Edward N. Lee, J. B. Felty, John H. Calvert, K. F. Bowman and Ed Knepper, trading and doing business as the Saint Rita Oil Company.

Neither side seemed to be satisfied with the result of this verdict, and there are pending motions upon the part of the plaintiff to strike off the non-suit as to certain of the defendants who were sued in their individual capacity; motion for a new trial, and for judgment n. o. v. We think none of these motions are well founded, and as there is no testimony whatever against the individuals whose names were stricken from the record, there is no legal reason for a new trial, nor is there any merit whatever for judgment n. o. v. We have formally, this day, disposed of these motions.

Now, Feb. 4, 1924, the rule to strike off the verdict from the record is hereby discharged.