Every thing material to the points decided, will be found in the opinion of the court, which was delivered by
Tilghman, C. J.
John. Wyeth, the defendant in error, was plaintiff below. The declaration contained two counts. In the *150 first, it was set forth, that whereas a certain Richard K. Knight was indebted to the plaintiff in the sum of one hundred and thirty-six dollars, twenty-seven cents, the defendant, in consideration that the plaintiff would accept him as his debtor for the said sum of money, in the place of the said Knight, and would discharge the said Knight .from the said debt, promised that he himself would pay it to the plaintiff. It is then averred, that the plaintiff did accept the defendant as his debtor, in the place of Knight, for the sum of money aforesaid, and discharged Knight from the said debt. Nevertheless, the defendant broke his promise, and did not pay the said money. The second count, was for money had and received. On the trial of the cause below, four exceptions were taken by the defendant’s counsel, on points of evidence, and three to the charge of the court.
The two first bills of exceptions having been abandoned, I shall say nothing of them, except that they were properly abandoned, as they could not have been supported. The third bill was, to the evidence of Mr. Douglass, who was produced by the plaintiff, to prove what had been sworn to by Abiathar Hopkins, deceased, on a former trial of this cause. Mr. Douglass stated in writing what his evidence would be, and being then sworn, declared, that what he had reduced to writing “ was all that he could recollect of what Mr. Hopkins said on his examination in chief.” The de-, fendant contended, that as it did not appear that Mr. Douglass recollected all the evidence given by Mr. Hopkins, he ought not to be admitted to prove any part of it. I think the objection was good. Parol evidence of what a deceased witness swore, is not to be admitted unless you can have the whole of it. To give what he swore on his examination in chief, and omit his cross examination, would be to deprive the opposite party of the benefit of his cross examination. Evidence of this kind, is dangerous at best, and not to be received without great caution. I do not think it necessary, however, that the witness should swear, to the very words spoken by the deceased person, though that seems to be the rule of the English courts. 1 Phill. Ev. 199, 200. This excessive strictness would exclude evidence of this kind altogether, unless the words had been reduced to writing at the time they were sworn. Our rule, laid down in the case of Armstrong, 8,-c. in error, v. Green, administrator of M(Cord, is, that the witness may be admitted, if he can undertake to give the substance of what the deceased person swore. But he must give the whole of it. I do not mean, that he must give the whole of a long examination, in which the deceased person may have spoken to a variety of facts; but he must be able to give the whole of what was said on the particular subject which he is called to prove. Now, in the case before us, Mr. Douglass undertook to prove only what Mr. Hopkins swore on his examination in chief. To admit that, without telling what he swore on his cross examination, would be such manifest injustice, *151 that it will not bear a moment’s consideration. The evidence of Mr. jDouglass, therefore, ought not have been admitted.
The-fourth exception cannot be understood, without introducing some of the evidence which had been previously given. The plaintiff had given evidence, that Richard K. Knight, who had obtained a judgment, and issued an execution against a certain John Clark, directed to the defendant, 'who was sheriff of Dauphin county,1 ordered the defendant to pay the money which came to his hands, by virtue of the said execution, to the plaintiff; and the defendant had given evidence, that Knight had promised John Fisher, esq-, attorney at law, that the same money should be paid to him, for the use of his clients, in two suits which he had brought against him. The defendant then .offered to prove, by the said John Fisher, that he, (Fisher,) told the defendant, he claimed the said money for his clients, and would look to him for it. This evidence the court rejected, but upon what ground, I confess, I cannot conceive. Whether the money in the hands of the defendant was appropriated by Knight, to the use of the plaintiff, or of any other person, and who had the first appropriation, were facts for the jury. Possibly, the jury might think that the appropriation to the use of John Fisher’s clients, was entitled to preference; and surely it was competent to the defendant to show, that he had received notice from Fisher, of this appropriation. On the count for money had and received, this evidence was directly to the point; for it tended to prove, that the money was not received for the use of the plaintiff, but of another person. I am of opinion, therefore, that there was error in rejecting it.
We now come to the charge of the court. The first exception to it, turns on precisely the same principle, as the first bill of exceptions to the evidence, which was abandoned, and therefore requires no consideration.
The second exception is as follows: The defendant’s counsel, requested the court to give their opinion, “ whether, from the evidence given in the cause, it was not, in law and equity, the duty of the plaintiff, before he brought suit, to have demanded the money of the defendant, with the tender of a receipt, or discharge from Richard Knight, or given an indemnity to the defendant for paying the money.” To this the court answered, that it was not the duty of the plaintiff só to do. The court was not bound to answer a question, which involved matters of fact, as well as law, nor can we say whether it was answered right or wrong. If, as set forth in the first count, the defendant promised to pay the money to the plaintiff, then the question proposed to the court might have been answered in the negative. But what was the fact we know not, and therefore cannot say that there was error in the opinion' delivered.
The third exception to the charge, remains to be considered.
[Here the chief justice read from the paper case, the third point *152 submitted to the court below, with their opinion thereon. They were as follows:
“The plaintiff readin evidence a judgment entered by him against Richard Knight, for four hundred and eight dollars, eighty-one cents, on the 20th of September, 1816 ; and gave in evidence the record of a suit, brought for the money in question on the 6th of ■September, 1816., If the jury should be of opinion from the evidence, that the money in the said suit against Clark was ever paid on the said judgment, was it not an extinguishment of the debt?
Opinion, “if the money demanded in the suit brought by Knight against Clark, (which has been stated to be for the use of Mr. Wyeth,) was embraced in the said judgment, it was not an extinguishment of the debt; for if Knight before this had transferred his claim against Clark to Wyeth, Knight’s giving a judg ment afterwards to Wyeth, would not invalidate the transfer, unless it was so agreed and intended by the parties, and of this there is no proof.”]
It appears to me, that this opinion was correct. If the defendant had a sum of money in his hands, which belonged to the plaintiff, and afterwards Knight confessed judgment for the same sum to the plaintiff, this was not a merger of the debt, due from the defendant, because there can be no merger, unless the judgment is confessed by the same person from whom the simple contract debt is due. But was the judgment a payment, or extinguishment, of the simple contract debt due from the defendant? That depends on the agreement of the parties. If A., being indebted to B. in one hundred dollars on account, prevails on C. to give his bond to B. to the same amount, this may be received by B. as a payment; and, if so, the debt due from A. on account, will be extinguished. But if the bond of C. is not accepted as payment, then the. debt of A. is not extinguished, but he may be sued on the account; the bond of C. being no more than a collateral security. The Court of Common Pleas therefore was right in saying, that the judgment entered by the plaintiff against Richard Knight, was not an ex-tinguishment of the debt due from the defendant, unless it was so intended, and agreed, by the parties. Upon the whole, then, I am of opinion, that there is no error in this record, except in the matter contained in the third and fourth bills of exceptions. But in them there is error, and therefore the judgment is to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire de novo awarded.