# Bemus *against* Howard.

A witness is competent to prove what another witness did not say on a former trial, although he may not be able to testify to the substance of all he did say.

In an action on the case against a physician for *mala praxis,* it is not competent for the plaintiff to give evidence that the defendant abandoned the patient and refused to attend upon him, unless the cause of action be so laid in the declaration.

ERROR to the common pleas of *Crawford* county.

This was an action on the case, by George W. Howard against Daniel Bemus, a physician, for negligence and want of skill in his profession, by reason of which the plaintiff lost his leg. There had been a former trial of the cause, in which Francis Ross had given evidence, and he was called again on this trial and gave evidence. David Cumpton was called by the plaintiff as a witness to prove that Ross had not testified on the former occasion to a material fact which he now testified to. He said "he could not recollect the words." The court then asked him if he could recollect the substance of his testimony; and this question was repeated several times, and the witness always replied by stating what Ross had not said on the former occasion. The defendant then offered to prove by the witness, that Ross had not on the former occasion testified to a certain fact: but the court refused to permit the question to be answered

[Bemus v. Howard.]

until the witness would give the state of his recollection about what Ross did say. Exception was taken by defendant. The defendant requested the court to charge the jury, that as the plaintiff had not complained in his *narr.* of the defendant having abandoned and refused to attend the patient, he could not now set that up as a cause of complaint; but the court refused so to charge, and the defendant excepted.

*Pearson,* for plaintiff in error.
*Riddle,* for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned is in rejecting the evidence contained in the defendant's bill of exceptions. Francis Ross, a witness for the plaintiff, had testified as to the fact of the defendant's lifting or changing the position of the plaintiff's leg, about six weeks after it was set. The defendant offered David Cumpton as a witness to prove that on a former trial between the parties before —— Hamilton, Esq., Thomas Ross testified to the defendant's having neglected the plaintiff's leg, and said nothing, at that time, as to the injury done by raising it. The court held, that the defendant could not endeavour to invalidate the testimony of Ross by this proof, unless Cumpton, the witness, would tell them the state of his recollection as to the testimony of Ross. No satisfactory reason has been given here for this decision. The state of the witness's recollection was a matter of inquiry after the defendant's question was answered, and went to his credibility, not to his competency. If it be meant that the witness must substantially recollect the whole testimony of Ross, before he can speak of an omission in the course of it, I do not perceive any ground for the position. One may not remember the whole testimony of a witness, and yet may remember that he did not in the course of it mention a particular fact: just as one may not recollect all the persons he saw at an interview, and yet may safely aver that a particular individual was not present. It may even be impressed on his mind by the aid of extrinsic circumstances. It is not like the testimony of a person deceased, offered in lieu of the original witness, on a matter directly pertinent to the issue. The whole of what such witness said on the particular subject he was called to prove, must be furnished: a part is inadmissible. Wolfe *v.* Wyeth, 11 *Serg. & Rawle* 150. The reason is plain. That which does not appear might have a bearing on what is offered, so as to vary its meaning: and a misconception of the meaning might lead to great injustice. But if the witness on the prior occasion omitted something which he now states, that omission is an affirmative fact, which the defendant had a right to prove, distinct from any other, and susceptible of being remembered and understood, without knowing all that was said at the time: though it is true that the state of the witness's recollec-

tion may have great effect on the degree of credit to be attached to his proof of the omission.

The other reason assigned by the court for rejecting the defendant's witness was, that they had no account what the issue was before Squire Hamilton. But the allegation was, that Ross undertook to give a narration of the subject on oath, and omitted what he now mentions. It is offered to impeach his memory or veracity by showing that he related the story differently at another time. The nature of the issue trying may be material by way of explanation, but is not an indispensable preliminary. I am of opinion that this error is substantiated.

The second error assigned is, in not charging as requested on the defendant's third point. The defendant requested the court to charge the jury, that in this case the plaintiff has not complained of the physician's having abandoned and refused to attend him, and therefore cannot now set that up as a cause of complaint; and on looking into the declaration, this view of it seems to be correct. The declaration avers, that the plaintiff employed the defendant as a physician to set and cure his broken leg, and the defendant undertook to attend him, and commenced attending, but did not set and restore and cure it in a proper manner, and conducted so unskilfully that it did not heal for seven weeks; and afterwards, on the 1st of December 1827, improperly raised up the leg from the place it was resting on, and thereby injured it, and it remained swelled and inflamed twelve months. And the defendant having ceased to attend upon the plaintiff and administer remedies for his said leg during the last mentioned space of time, and the leg having become during that time more diseased and unsound, and thereby endangering the life of plaintiff, he was afterwards, on the 1st of December 1828, forced and compelled to employ other surgeons and physicians, who advised amputation, which was accordingly performed, by means whereof, &c. There is here no averment that the defendant had refused to attend the plaintiff, or abandoned him. There is a recital that he had ceased to attend and administer remedies; but that cessation may have been perfectly innocent and proper, occurring with good cause. If the plaintiff had intended to make it a ground of complaint that the defendant had refused to attend when requested, or improperly deserted or abandoned his duty, it should have been so stated in the *narr.*, that the defendant might have had notice of it, and come prepared to meet it. No rule of law is better settled, or more consonant to the first principles of justice and fair dealing, than this. I think, therefore, the defendant was entitled to an affirmative answer on this point. The court declined any answer. They neither affirmed nor denied the position, but left it to the jury to decide whether the defendant was excusable in not attending, and whether he was not dismissed by the plaintiff's brother. It is essential to the safety of suitors, that every question of law material to the issue, proposed

III.——HH

[Bemus v. Howard.]

to the court, should be plainly answered; and the omission to do so has been frequently held by this court to be error.

Judgment reversed, and a *venire facias de novo* awarded.