## Jamison *versus* Dimock et ux.

1. H., by a parol contract in 1874, sold a building lot to D., and agreed to erect a house thereon, and when completed give her possession and convey the property to her for $6000. The purchase-money was fully paid in advance, and upon the completion of the house exclusive possession thereof given in 1875, and retained thereafter. By a deed dated and recorded in 1877 H. and his wife conveyed the property to B., who gave a mortgage for unpaid purchase-money. A scire facias issued thereon, judgment was obtained and the property sold at sheriff's sale, in 1879, to J., who brought ejectment against D.: *Held*, that such a parol sale for a money consideration, fully paid according to the contract and possession taken, and continuously held in pursuance thereof, were sufficient to take it out of the Statute of Frauds. *Held, further*, that J. stood in no better position than H. would have occupied if he had retained the legal title, and was endeavoring to dispossess D. by an action of ejectment.

2. It is the duty of purchasers of real estate to make inquiry respecting the rights of parties in possession, and failing to do so, they are affected with constructive notice of such facts as would have come to their knowledge in the proper discharge of that duty.

3. Per STERRETT, J.—"There was no error in refusing to hold that a parol contract of sale cannot be specifically enforced, unless the vendee can show that he has made improvements for which he cannot be compensated in damages. There are undoubtedly cases in which the equities of the vendee rest upon other equally available grounds."

June 1st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas of *Lycoming county :* Of May Term 1880, No. 177.

Ejectment by Mary A. Jamison against Gordon Z. Dimock and Charlotte E. Dimock, his wife, to recover a lot in the city of Williamsport.

Both parties to the suit claimed title from Peter Herdic. The plaintiff as follows : Deed of Peter Herdic to George P. Barber, dated November 3d 1877. Mortgage, same date, George P. Barber to Peter Herdic to secure the payment of $6000. Assignment of said mortgage by Peter Herdic to Lewis Jamison and Mary A. Jamison, January 15th 1878. Scire facias on above mortgage and judgment thereon to January Term 1879, for $6437. Levari facias to March Term 1879, and property sold to Mary A. Jamison and sheriff's deed to her, dated March 18th 1879.

The defendants claimed title by virtue of a parol agreement between the said Herdic and Mrs. Dimock in 1874, by which Herdic agreed to sell the lot as alleged to Mrs. Dimock, and build a dwelling house thereon for her, the said lot being at the time · vacant, for the sum of $6000, and possession taken by the defendants, as alleged by them, in pursuance of the contract, as soon as the house was ready for occupancy, which was about a year after making the contract, and continuous possession thereof up to the time of the trial. The other material facts will be found in the opinion of this court.

[Jamison *v.* Dimock.]

At the trial the plaintiff submitted the following points, all of which the court refused.

1. That the contract of sale by parol, in order to take it out of the Statute of Frauds and Perjuries, must be accompanied by the payment of the purchase-money in whole or in part, possession taken in pursuance of the contract, and improvements made by the vendee that cannot be compensated in damages.

2. That the burden of proof is upon the defendants, and unless they have shown by indubitable proof, that the contract was made, possesssion taken and improvements made that cannot be compensated in damages in an action on the case for a breach of the parol contract, the verdict must be for the plaintiff.

3. That under all the evidence in this case the plaintiff is entitled to recover.

Verdict for defendants, when plaintiff took this writ and alleged, that the court erred in refusing the above points.

*Lloyds* and *H. C. McCormick*, for plaintiff in error.—There was no such evidence of a parol contract as would justify a decree of specific performance thereof. There was no contract to sell a house for $6000, nor such possession taken as the law requires. It was not taken until a year after the execution of the contract upon the completion of the house. This contract should not be considered outside the Statute of Frauds and Perjuries. There were not the necessary elements to take the case out of the statute. The court should have taken the case from the jury under the authority of Moore *v.* Small, 7 Harris 461, and Rankin *v.* Simpson, Id. 571.

*H. C. Parsons, B. S. Bentley, Jr.,* and *J. O. Parker,* for defendants in error.—The facts were found by the jury, and the simple question is, whether upon the finding of the jury there is sufficient to take the case out of the statute. Where the purchase-money is paid and full possession taken as found here, it is an executed contract, and does not come within the statute. Mrs. Jamison had no equity which the court was bound to regard.

There is a distinction between the case at bar and nearly, if not all, the cases bearing upon this subject. Here there was absolutely nothing to be done between the parties except the execution and delivery of the deed by Herdic; the contract was, therefore, not executory, but was, on the other hand, finished and completed, and did not come under the rule of enforcing the specific performance of the same, as there was nothing to-enforce in the way of payment of any or all of the purchase-money, of delivering possession, and such like.

In regard to the contention that there was no actual sale, but simply a loan with security, it is to be observed that this was one of the vital questions left to the jury.

[Jamison *v.* Dimock.]

Mr. Justice STERRETT delivered the opinion of the court, October 4th 1880.

Both parties claim under Peter Herdic who, in 1874 and prior thereto, was owner in fee of the lot in controversy. The plaintiff gave in evidence the deed of Herdic and wife to Barber, dated and recorded in November 1877, and mortgage of same date from Barber to Herdic; also record of the scire facias and judgment thereon, followed by sheriff's sale and deed of March 1879, thus vesting in her the legal title previously held by Herdic, and prima facie entitling her to a verdict. The defendants, on the other hand, relied on an equitable title in Mrs. Dimock, founded on a parol contract of sale made in 1874, and so far executed by payment of the entire consideration and exclusive possession of the property taken and held in pursuance thereof, &c., as to make it inequitable and unjust to rescind the contract. Their contention is that the equitable title thus acquired under the contract is superior to the plaintiff's legal title of later date, and should prevail; in other words, that Mrs. Dimock's equities are such as to move the conscience of a chancellor and justify a decree of specific performance. The defendants' testimony tended strongly to prove that in December 1874, Herdic contracted with Mrs. Dimock to build for her a dwelling house on the lot in dispute, and when completed, according to the plan selected, give her possession and convey the property to her in fee for the consideration of $6000; that in pursuance of this contract the house was completed, the consideration money fully paid, and exclusive possession given in October 1875, and retained ever since; that Herdic was repeatedly requested to settle for interest which he agreed to pay on the purchase-money in consideration of having received it in advance of the erection of the building, and to make a deed for the property, but he neglected to do so and finally executed the deed to Barber and took from him the mortgage on which it was afterwards sold by the sheriff and conveyed to the plaintiff, and that Herdic, shortly after conveying the property to Barber, became insolvent, filed his petition in bankruptcy, and has since obtained his discharge as a bankrupt. This is an outline of the material facts alleged by the defendants and strongly supported by their testimony.

The plaintiff introduced rebutting testimony for the purpose of disproving the allegations of the defendants as to the contract, payment of purchase-money and possession in pursuance thereof, and to show that the money was received by Herdic as a loan and not as the price of the property.

The subject of complaint in the first two assignments of error is the refusal of the court to affirm the plaintiff's first and second points. In each of these, making "improvements by the vendee, which cannot be compensated in damages," is declared to be an essential ingredient to take the case out of the Statute of Frauds.

[Jamison v. Dimock.]

While this may be true as to parol *gifts* of land, in which the expenditure of money and labor in improving the property takes the place of a pecuniary consideration, it is not correct as applied to a case like the present, which is claimed to be a parol sale for a money consideration, fully paid according to the contract, possession taken and continuously held in pursuance thereof. There was no error therefore in refusing to hold that a parol contract of sale cannot be specifically enforced unless the vendee can show that he has made improvements for which he cannot be compensated in damages. There are undoubtedly cases in which the equities of the vendee rest upon other equally available grounds.

The third specification of error is the refusal of the court to charge, "that under all the evidence in this case the plaintiff is entitled to recover." This presents the most important question in the case. The learned judge was satisfied that, if the defendants' version of the transaction was true, the facts were sufficient to take the case out of the Statute of Frauds, and thus entitle the defendants to retain possession; and accordingly, after referring to the testimony and the provisions of the Statute of Frauds, he instructed the jury that if they found there was a contract of sale between Herdic and Mrs. Dimock, and in pursuance thereof the whole consideration-money was paid, possession taken and retained ever since, in connection with other circumstances surrounding the case as made out by the defendants, they have a good defence. Under this instruction the verdict for the defendants is substantially a finding of the facts in their favor, and the entry of judgment thereon operates as an approval of the finding. The facts thus determined, according to our system of administering equity in common-law actions, are as conclusively established as if they had been found by a master and approved by a judge acting as chancellor. It is doubtless the correct practice for the court to say whether the evidence is sufficient to raise an equity in the party claiming specific execution of a parol contract or gift, and for the jury to determine whether or not the testimony is true: Miller *v.* Hartle, 3 P. F. Smith 108. This was the course pursued in the present case. Treating the allegations of the defendants then as true and constituting the controlling facts of the case, was there any error in holding that they were sufficient to take the case out of the Statute of Frauds? In considering this question it may be premised that the plaintiff stood in no better position than Mr. Herdic would occupy if he had retained the legal title and was endeavoring to dispossess the defendants by an action of ejectment. The admitted possession of the defendants from October 1875 was notice of Mrs. Dimock's equitable title not only to Herdic's vendee, but to the assignees of the mortgage as well as the purchaser at sheriff's sale. It does not appear that inquiry was made by either of them for the purpose of ascertaining by what right

defendants were in possession. It was unquestionably their duty to make such inquiry, and having neglected to do so, they were affected with constructive notice of such facts as would have come to their knowledge in the proper discharge of that duty. This principle is applicable to the plaintiff as well as to Mr. Herdic's vendee: Woods *v.* Farmere, 7 Watts 382.

According to the facts as established by the verdict, all the terms of the contract were fully complied with except the execution and delivery of the deed by the vendor. He built and finished the house and put his vendee in possession according to agreement, and she fully complied with her part of the contract by paying in advance the entire purchase-money. Under these circumstances, would a court of equity permit Herdic, the only party in default, with the price of the property thus in his pocket to dispossess her? We think not. To do so would be to tolerate the use of the statute by him as an instrument of fraud. If in connection with this we take into consideration the fact that Herdic, by conveying to Barber, put it out of his power to comply with his part of the contract, and the further fact that he has since become a discharged bankrupt, the equities of the defendants are greatly strengthened. If they should be dispossessed, there is nothing in the ascertained facts of the case to show that Mrs. Dimock would not lose the whole or greater part of the purchase-money. The plaintiff, as we have seen, is a mere volunteer with notice of Mrs. Dimock's equitable right to the possession, and therefore occupies no better position than would Mr. Herdic.

Departures from the strict letter of the Statute of Frauds have been reluctantly sanctioned only on the ground that the statute, enacted for the purpose of preventing fraud and perjury, should not be used as the means of perpetrating fraud: Pugh *v.* Good, 3 W. & S. 56. If there is anything settled in this state, it is that a parol contract for the sale of land is not to be executed unless it would be unjust to rescind it: Postlethwait *v.* Freese et al., 7 Casey 472. In the same case it is said, in illustration of the principle, that " a purchaser may make improvements and family arrangements which do not admit of assessment or compensation ; or the insolvency of the vendor may render it impossible that compensation, if assessed, should be paid. In these and other cases that are imaginable, the parol contract could not be rescinded without injustice to the purchaser;" and the same learned judge, in Moore *v.* Small, 7 Harris 461, says, " that when the parol contract is clearly established and has been so far in part executed as to render it unjust to rescind the same, it should be enforced specifically. This is the rule of construction suggested by some of the English cases and adopted by the legislature of this state in providing for proof and specific performance of the parol contracts of decedents under the provisions of the Act of March 10th 1818."

[Jamison *v.* Dimock.]

It is not necessary in this case to carry the doctrine as far as was done in Pugh *v.* Good, *supra*, in which Chief Justice GIBSON, after reviewing the English statute as well as our own, came to the conclusion that delivery of possession, pursuant to a parol contract for the sale of land, was the test of part performance, and that "the vendee as well as the vendor may insist on a specific execution of the contract for part performance by delivery of possession alone." In this case we have the important additional element of complete performance by the vendee, coupled with the insolvency of the vendor and the fact that in violation of his contract, he conveyed the legal title to a stranger, who had notice, however, of the defendant's equitable title. In Haslet *v.* Haslet, 6 Watts 464, Judge Greer, then president of the District Court, in charging the jury said, "It is too well settled to be now disputed that where money has been paid and possession given in pursuance of a parol contract for the sale of land, equity will enforce the specific execution of the contract on the ground that to suffer a man who has received his money to take both money and land by pleading the Statute of Frauds, would be making the statute itself an instrument of fraud, which it was made to prevent." This is undoubtedly sound equitable doctrine; and in reviewing the case, this court characterized the charge as "an accurate exposition of the law throughout." Other cases, among which are Bassler *v.* Niesly, 2 S. & R. 352; Stewart *v.* Stewart, 3 Watts 255, and Billington's Lessees *v.* Welsh, 5 Binney 128, might be cited in support of the judgment, but enough has been said to show that upon principle as well as authority, it should be sustained.

A question not directly involved in either of the specifications of error has been made by the plaintiff in regard to the collateral security given by Herdic when he received the $6000 purchase-money, as it has been found to be by the verdict of the jury. The fact that he gave such security for the faithful performance of his contract was proved, but it was not shown what, if anything, the collaterals were worth at the time of the trial or at any time after they were given. Upon the evidence before the court and jury, as well as for want of proper parties before the court, no definite determination could be made in regard to the collaterals. If the legal title is conveyed to the defendant, she will have no further claim on the stocks; but who in that event will be entitled to them —whether the assignee in bankruptcy, the party by whom the legal title may be conveyed, or some one else—are questions which do not now properly arise, and are therefore not concluded by this judgment.                    Judgment affirmed.

Mr. Justice MERCUR, dissented.