# Woodbridge *versus* The Delaware, Lackawanna and Western Railroad Company.

In an action against a railroad company by the parents of A., a boy six years of age, to recover damages for his death, it appeared from the evidence that A. was standing at the back door of his father's house, about ninety feet from the railroad; that a coal train approached, upon the last car of which two small boys were riding by permission of the brakeman; that these boys motioned to A. to join them, whereupon he ran from the house, ascended a flight of eight steps leading up the railroad embankment, and climbed on the said last car; that immediately afterwards his hat fell off, and in his endeavor to recover it he fell under the car and was fatally injured. The brakeman was at the time on the forward bumper of the rear car, and there was no evidence that he saw A. It further appeared that A.'s mother left him in charge of his older sister, and told him not to go out, and that while the sister was in a pantry getting something for his breakfast, he went out the back door. The court below granted a compulsory nonsuit. *Held,* ·

[Woodbridge v. R. R. Co.]

(1.) That there was no evidence of such negligence on the part of the company's servants as to warrant the submission of the case to the jury, and therefore that the nonsuit was properly granted.

(2.) That there was nothing in the testimony to warrant the court in holding, as a matter of law, that the child's parents were guilty of contributory negligence, or that he himself was a trespasser in the sense that one of maturer years might have been under the circumstances.

*Semble*, that although the brakeman exceeded his authority in allowing the other boys to ride on the coal car, and was guilty of an imprudent and wrongful act; yet, as neither of those boys was injured, such act was not material in this case.

February 25, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lackawanna county:* Of January Term, 1884, No. 92.

This was an action on the case, by E. P. Woodbridge and wife against the Delaware, Lackawanna & Western Railroad Company, to recover damages for the death of Theodore Woodbridge, the son of the plaintiffs, six years of age, caused by the alleged negligence of the defendant's servants.

On the trial the evidence on behalf of the plaintiffs was to the following effect:

The plaintiffs lived in the town of Babylon, on the line of the defendant's road. Their house was on a corner, fronting on a street which ran parallel to the railroad, and running back along a street at right angles thereto. At the intersection of the railroad and the latter street there was an embankment about eight feet high, on which a flight of steps was constructed for the purpose of more convenient access from the street to the railroad. The back door of the plaintiffs' house was about ninety feet from these steps. The injury was inflicted by a coal train upon the last car of which two boys, William Perry and Aaron Coolbaugh, each about nine years of age, and schoolmates of Theodore, who was six years old, were riding by permission of the brakeman. As the train approached the steps these boys motioned to Theodore, who was standing at the back door of plaintiffs' house, to join them on the car. He ran out and reached the top of the steps just as the last car was passing. He climbed up on this car and shortly afterwards lost his hat. In his attempt to recover it he fell under the car and received injuries from which he died in a few hours. The brakeman at this time was sitting between the last car and the next one, warming himself at a fire made of waste.

The witnesses differed as to whether Theodore got off the train in order to secure his hat, or only reached down after it. The boy Perry testified that "when he (Theodore) got on top of the railroad, I kept motioning my hand to him; then

he went to the hind car, got on, and his hat fell off, and when
he went to get on the second time his legs went under the car."
Miss Ace, who was sitting in her father's wagon, on the street,
and saw it, testified : "I saw a little boy standing in front of
the house, and I saw a coal train come along, and there were
two boys on it, and they motioned with their hands for him to
come, and he came over the fence and went up a pair of steps,
and followed the train until he caught it, and then climbed on."

Cross Ex.—"You say he got off the train to pick up his
hat?"

Answer.—"He didn't get off; he reached down after his
hat, and in reaching for his hat he fell off."

It further appeared from the evidence that on the morning
of the injury, which occurred between 7 and 8 o'clock A. M.,
Theodore came down from his bed and was ordered by his
mother to go back to bed until his trousers were mended ; not
obeying this order, the mother sent his sister up stairs for an
old pair for him ; these were put on, and he was ordered by
his mother not to go out until his others were mended. The
mother then went out to milk the cow, leaving Theodore and
his sister in the kitchen, the sister in the act of getting him
his breakfast. When the mother came in with the milk the
sister asked her if the coffee was ready, and she answered yes.
Theodore then asked if there was sugar in it, upon which the
sister went to the buttery to get it ; at the same time the
mother stepped into another buttery to strain her milk. When
she came out, Mrs. Lochard rapped on the window and asked
her, where is Theodore ? The mother answered here, and
looked around the room for her child, when Mrs. Lochard
said, "he is over on the railroad, killed." The father was at
his work, some two miles distant.

At the close of the plaintiff's case, upon motion of the
defendant's counsel, the court granted a compulsory nonsuit,
and subsequently discharged a rule to show cause why the
same should not be stricken off. Whereupon the plaintiff took
this writ of error, assigning for error the granting of the non-
suit and the refusal of the court to strike it off.

*C. Smith*, for plaintiffs in error.—There was no evidence to
show contributory negligence on the part of the plaintiffs.
The evidence showed more than ordinary care by the mother
on the morning of the injury. The defendant's servants were
guilty of negligence in omitting to prevent boys of tender age
from riding on their coal train and inducing other boys to
join them ; also in omitting to see the plaintiff's child approach
and prevent his getting on the car. The original cause of the
inducement for Theodore to climb on the car was the brake-

man's act of permitting the boys to ride on the train, and the defendants are responsible for this act; Street R. R. Co. v. Boudrou, 2 Am. & Eng. R. Cas., 35; R. R. Co. v. Mahoney, 57 Pa. St., 189; Railroad Co. v. Snyder, 18 Ohio, 414; Illidge v. Goodwin, 5 C. & P., 190; Lynch v. Nurdin, 1 Q. B., 29; R. R. Co. v. Long, 75 Pa., 257; R. R. Co. v. Pearson, 72 Pa., 169; R. R. Co. v. Lewis, 79 Pa., 33; Hydraulic Works v. Orr, 2 Norris, 332; Phil. P. R. R. Co. v. Henrice, 92 Pa., 431; Mangam v. Brooklyn R. R. Co., 38 N. Y., 455.    Since an infant cannot be held to the same degree of care as an adult, either in apprehending or avoiding danger, it follows that the defendant's duty was relatively increased—even to an extent sufficient to impose a duty where none would exist in case of an adult: Phila. R. R. Co. v. Spearen, 47 Pa. St., 304; Baltimore & Ohio R. R. Co. v. Schwindling, 5 Out., 258.    A railroad company must be held to the exercise of ordinary care, in respect to an infant who is a trespasser: Phila. & R. R. R. Co. v. Hummell, 44 Pa. St., 375.

*Edward N. Willard* and *Everett Warren*, for defendants in error.—The negligence of parents in allowing children to wander unattended upon a railroad track, is contributory negligence, which will defeat an action by the parent for loss of service, except where the defendant's act is willful: Pierce on Railroads, p. 338, and cases there cited.    Nagle v. R. R. Co., 7 Norris, 35; Phila. & R. R. R. Co. v. Long, 25 P. F. S., 257; Penn. R. R. Co. v. James, 32 P. F. S., 194; Cauley v. Pittsburgh, C. & St. L. R. R. Co., 95 Pa. St., 398.    A child six years old may be a trespasser: Gillespie v. McGowan, 4 Out., 144; Smith v. Hestonville Pass. R. Co., 11 Norris, 450; Flower v. Penn. R. R. Co., 19 P. F. S., 213; Kirby v. Penna. R. R. Co., 26 P. F. S., 506; Duff v. Alleghany Valley R. R. Co., 10 Nor., 458; Cauley v. P. C. & St. L. Railway Co., 95 Pa. St., 398; Baltimore & Ohio R. R. Co. v. Schwindling, 5 Out., 258.    The company, defendant, was not guilty of such negligence as to entitle the plaintiffs to a recovery under the circumstances.    The fact that the trespasser was a boy, is not material.    The company owed him no greater duty than if he had been an adult: Moore v. Penna. R. R. Co., 3 Out., 301; Baltimore & Ohio R. R. Co. v. Schwindling, 5 Out., 258.    The boy being clearly a trespasser, or, at best, a mere licensee upon the company's property, the defendant company's sole duty towards him was to abstain from wanton or intentional injury.    This is the settled law, as laid down in the following cases: Gillis v. Penna. Railroad, 9 P. F. S., 141; Gillespie v. McGowan, 4 Out., 144; Hestonville Pass. Railroad Co. v. Connell, 7 Norris, 520; Cauley v. Pitts., C. & St.

L. Railroad Co., 2 Out., 498; Hestonville Pass. Railroad Co. *v.* Kelley, 6 Out., 115; Maenner *v.* Carroll, 46 Md., 193; Gautret *v.* Egerton, L. R. 2 C. P., 371, and cases there cited; Hounsell *v.* Smyth, 7 C. B., N. s., 731. A railroad company is not required to keep a guard on its cars to prevent young children from getting upon or under them, nor to prevent young children from coming on the car while passing: Pierce on Railroads, 336, and cases there cited.

Mr. Justice STERRETT delivered the opinion of the Court, October 6, 1884.

If there were no testimony from which the jury would have been justified in finding that the unfortunate injury which resulted in the death of plaintiffs' child was caused by the negligence of defendant company's employees, it must be conceded the judgment of nonsuit was rightly entered, and should be sustained; but, in view of the evidence as to the tender years of the child, and the care that was exercised by his mother to keep him out of danger on the morning of the accident, it cannot, in my judgment, be sustained on any other ground. There is nothing in the testimony to warrant the court in holding, as matter of law, that there could be no recovery either on the ground that the child's parents were chargeable with contributory negligence, or that he, himself, was a trespasser in the sense that one of maturer years would have been under like circumstances. If there was any testimony tending to sustain either of these positions it should have been submitted, with proper instructions, to the jury.

It appears plaintiffs resided in the town of Babylon, on the line of defendant's railroad. Their house was on a corner lot, extending back along a street running at right angles to the railroad. At the intersection of the railroad and the street there was an embankment about eight feet high, on which a flight of steps was constructed for the purpose of more convenient access from the street to the railroad. The back door of plaintiffs' house was about ninety feet from the foot of the steps. The injury was done by a coal train, on the hind car of which two boys, about nine years of age, schoolmates of plaintiffs' son, were riding by permission of the brakeman. As the train approached the steps these boys beckoned to the deceased, who was then standing in the back door of his home. He immediately responded, ran out, reached the top of the steps as the hind car was passing that point, climbed on the car, and, almost immediately thereafter, in attempting to recover his hat, fell under the car and was so badly injured that he died same afternoon. There was no material conflict of testimony. The witnesses disagreed as to whether the boy

[Lackawanna Co. v. Stevens.]

actually left the car for the purpose of recovering his hat, or fell in attempting to reach down for it. The boy Perry says deceased ran from his home to the railroad. "When he got on the railroad I kept motioning my hand to him; then he went to the hind car, got on, and his hat fell off, and when he went to get on again his legs went under the car." The only other witness who describes the occurrence, which evidently was the work of a few seconds, says he reached down after his hat and fell off the car.

It does not appear that there was anything unusual in the management of the train. It must have been running very slowly, or a boy under six years of age could not have climbed on the car while it was in motion. It is said the brakeman, who was sitting on the bumper at the front end of the hind car, should have prevented the boy from getting on the car, or have taken care of him when he was there. To this it may be replied that the brakeman had his duties to attend to, and was in a position where he could promptly apply the brake when necessary; and, moreover, there is not a particle of testimony tending to show that he saw the boy, or had any reason to suppose he was on or near the train. If he gave the other boys permission to ride on the car he transcended his authority, and did a very imprudent and improper act; but it so happened that no harm befell either of them.

A careful consideration of the testimony, in the light of the able and elaborate argument of the learned counsel for plaintiffs, fails to discover anything in the case that would have warranted the jury in saying that the unfortunate boy was injured by reason of the negligence of the railroad company or any of its employees. This being so, it follows that there was no error in entering the judgment.

Judgment affirmed.