## J. R. Sample, Appellant, *v.* Elizabeth Horlacher and Daniel Horlacher.

177    247
f219   257
177    247
35 SC  465

*Statute of frauds—Parol contract for sale of lands—Evidence.*

In order to take a parol contract for the sale of lands out of the operation of the statute of frauds its terms must be shown by full, complete, satisfactory and indubitable proof; the evidence must define the boundaries and indicate the quantity of land; it must fix the amount of the consideration; it must establish the fact that possession was taken in pursuance of the contract, and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained; it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust: Hart v. Carroll, 85 Pa. 510.

*Ejectment—Statute of frauds—Parol contract for sale of lands—Evidence —Trial judge sitting as chancellor.*

In an action of ejectment to enforce a parol contract for the sale of land it is in the first place the duty of the trial judge, who exercises the functions of a chancellor, to determine whether the evidence adduced is sufficient to support an equity in the party claiming specific execution of the verbal contract, and then for the jury to say whether the testimony is true or not.

If the evidence fails to make out a case that can be fairly classed as an exception to the operation of the statute of frauds, it is the duty of the judge either to reject it, or to instruct the jury in favor of the defendant.

In a proceeding to enforce a parol contract for the sale of land, it appeared that no boundaries were designated, and no time for payment was fixed. The vendee made improvements upon the land but they were paid for by the vendors allowing him credit on a note which he owed to them. *Held*, that the case was not an exception to the statute of frauds.

Argued March 18, 1896. Appeal, No. 195, Jan. T., 1896, by plaintiff, from judgment of C. P. Lycoming Co., Sept. T., 1894, No. 333, on verdict for defendants. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed.

Ejectment for a lot of ground in Montoursville. Before METZGER, P. J.

At the trial it appeared that Elizabeth Horlacher owned the land in dispute, and had mortgaged it to raise $800 which she loaned to her son John H. Horlacher, taking from him his note for $800. She subsequently entered into a parol contract with her son by which he was to erect a house on a part of the lot and was to keep an account of all labor and materials which he used, and to render an account to his mother and receive credit therefor upon the note which his mother held against him for money loaned him. After the completion of the house and the payment of the note, it was agreed that if John H. Horlacher wished to purchase the house and a lot, then his mother and father would sell him the house in consideration of his paying the mortgage which was upon the whole property, and in addition thereto to pay $200 in case he decided to take a lot forty feet in width, or $275 in case he took a lot fifty feet in width, and it was distinctly agreed that the property should not become that of the son, and the son was not to have possession of the same until the whole consideration was paid. John H. Horlacher proceeded to erect a house on the property, and kept an account of the expenditures for which he received credit on his note. On April 1, 1893, Horlacher moved into the house and occupied it for several months as a tenant. After he left it his father and mother moved into it. While Elizabeth Horlacher and her husband were in the occupation of the house, the plaintiff having obtained a judgment against John H. Horlacher levied upon the house as the property of the younger Horlacher, and at the sheriff's sale became the purchaser.

The court charged as follows:

This is an action of ejectment, brought by J. R. Sample, against Elizabeth Horlacher and Daniel Horlacher, to recover a piece of land located in Montoursville, this county, containing in width about fifty feet and in depth probably about two hundred feet; I don't remember the exact amount.

This case was tried once before in this court and a new trial was granted for certain reasons which were given in an opinion which the court filed in passing upon the motion for a new trial.

It has been agreed in this case that the same evidence that was taken upon that trial should be regarded as the evidence in this trial—no more and no less; so that the case is now before the court on precisely the evidence that was before the court at that trial. At the time of that trial there was no objection raised as to the competency of a married woman to bind herself by a parol contract of the character disclosed by the evidence in this case. The result was that that question was not ruled upon during the trial. It was, however, ruled upon by the court when the motion for new trial was made. We then ruled the question and we will adopt the ruling now, so far as it relates to this subject: That Mrs. Horlacher, having been a married woman at the time when this parol contract was made, such parol contract could not be enforced, because it was neither in writing nor acknowledged by her as provided by the act of assembly. We have had no reason thus far shown us to convince us that that ruling was wrong, and if we are right in the ruling, then there can be no recovery in this case, because it is undisputed, and the evidence shows that Mrs. Horlacher was a married woman; and while it is true that the husband was present when the conversation took place in reference to that contract, yet there was nothing done by her except what was done by word of mouth, and for this reason, if for no other we would have to direct a verdict in this case in favor of the defendants.

We also had grave doubts, after we came to examine the testimony in this case, when we were considering the motion for a new trial, as to whether there was sufficient in the case to warrant a chancellor in decreeing specific performance of the contract; and, of course, if there was not sufficient evidence to warrant a chancellor in doing that, then there was not sufficient evidence to submit to the jury from which they could find that

the defendants were bound by that contract, and that it could be enforced in this action or any other action. We had grave doubts about that and we still have, and I am inclined to the opinion that there was hardly sufficient testimony in this case to justify the court in saying to the jury that they could find a verdict against the defendants, even if the other question that I have referred to were out of the case. Yet, it is really unnecessary to decide that at this time, because the other question in itself is sufficient to bar a recovery, without regard to this latter question as to the sufficiency of the testimony to establish a parol contract, so as to bring it within the measure of proof required to warrant a chancellor in decreeing a specific performance of such a contract when it relates to the sale of land.

The principal testimony, as the court now recalls it, is the testimony of the plaintiff himself. There are some slight circumstances that were proved, but there is also some difficulty about the identity of the land in controversy. In fact, the contract does not seem to have been very definite and certain, but, on the contrary, seems to have been somewhat optional. They were to have forty feet in width for a certain price, and fifty feet in width for a certain price, and if he took forty feet he was to pay $200, and if he took fifty feet he was to pay $275. There is also a great deal of testimony in the case going to show that it could be compensated for in damages. It seems that he (J. H. Horlacher) kept an account of the improvements that he made and that there was a note given, or at least an account rendered of the actual cost of the improvements that were made, and there were other matters that made the court doubt very seriously whether specific performance in this case could be decreed on the evidence before the court.

But principally for the reason that we think a married woman cannot be bound by such a parol contract, made under the circumstances disclosed by the evidence in this case, we now instruct you to find a verdict for the defendants.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*Charles J. Reilly*, with him *J. C. Hill*, *C. E. Sprout* and *W.*

*C. Gilmore*, for appellant.—Notwithstanding the explicit language of the statute of frauds it has been uniformly held by our courts that a parol sale, accompanied by possession and the erection of valuable improvements, will be enforced, and this upon the principle of estoppel, whenever the facts are such that it would be inequitable to rescind the sale, and it is not necessary that any part of the purchase money should be paid: Eberly v. Lehman, 100 Pa. 542; McGibbony v. Burmaster, 53 Pa. 332; Hutchinson v. Kerr, 3 Pennypacker, 122.

If there is any evidence, however slight, from which a jury might draw an inference favorable to the plaintiff, the case should be left to the jury: Bevan v. Ins. Co., 9 W. & S. 187; Baker v. Lewis, 33 Pa. 301; Berg v. Abbott, 83 Pa. 177; Prutzman v. Bushong, 83 Pa. 526; Howard Express Co. v. Wile, 64 Pa. 201.

*W. W. Achenbach*, with him *John G. Reading, Jr.*, for appellees. In order to take a parol contract for the sale of lands out of the operation of the statute of frauds, its terms must be shown by full, complete, satisfactory and indubitable proof: Hart v. Carroll, 85 Pa. 510; Bowers v. Bowers, 95 Pa. 480; Allison v. Burns, 107 Pa. 53.

The party who claims the interference of the chancellor has the burden of proof: Lord's App., 105 Pa. 460.

Per Curiam, October 5, 1896:

We are by no means convinced that the learned trial judge erred in directing the jury to find for the defendants. On the contrary, a careful consideration of the evidence on which the plaintiff relies has led us to the conclusion that it does not come up to the measure of proof that is required in such cases. As was said in Hart v. Carroll, 85 Pa. 510, " In order to take a parol contract for the sale of lands out of the operation of the statute of frauds its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries and indicate the quantity of land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclu-

sive, continuous and maintained. It must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust." These rules have been firmly settled by a long line of cases, including those cited in Hart v. Carroll, supra, and many others. It is the duty of the trial judge who, in such cases, exercises the functions of a chancellor to determine, in the first place, whether the evidence adduced is sufficient to support an equity in the party claiming specific execution of the verbal contract, and then for the jury to say whether the testimony is true or not. If the evidence fails to make out a case that can be fairly classed as an exception to the operation of the statute of frauds, it is the duty of the judge either to reject it, or to instruct the jury in favor of the defendant, as was done in this case : Bowers v. Bowers, 95 Pa. 480 ; Allison v. Burns, 107 Pa. 53 ; Lord's Appeal, 105 Pa. 460.

Without further reference to the evidence adduced by the plaintiff or the principles of law applicable thereto, it is sufficient to say that the learned judge was right in giving binding instructions to find for defendants. It is unnecessary to notice the question of estoppel. It is not in the case, because the evidence adduced by plaintiff is insufficient.

Judgment affirmed.