# Lemmon *v.* Lemmon, Appellant.

*Statute of frauds—Parol sale of lands—Change of possession—Consideration—Improvements—Insufficient description of land.*

1. Where a daughter who does not live at home goes to a house owned by her half-brother, but occupied by her father and mother, in order to nurse her mother, and after her mother's death agrees with her half-brother to continue in the house and nurse their father until his death, in consideration of her receiving a deed of the property, her possession after the father's death, will be presumed to have begun when the oral contract was made in reference to the conveyance of the property to her.

2. In such a case where the consideration has been fully performed, it will be deemed equivalent to a money consideration, and evidence of valuable improvements on the premises will not be necessary to support the parol sale.

3. In an action of ejectment by the brother against his half-sister to recover possession of the property, the defendant wholly fails to identify the land in question, where it is merely referred to in her oral testimony as " those lots " in a letter from the plaintiff to herself in which they are described as "those lots" without any proof as to the quantity of land, the township, city, county or state, where located, or by any name or description or joinder by which it could be located.

4. A parol contract for the sale of land must be proved by clear, precise and indubitable evidence.

Argued May 8, 1911. Appeal, No. 130, April T., 1911, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1908, No. 230, for defendant non obstante veredicto in case of Theophilus Lemmon v. Emma Lemmon. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Ejectment for four lots of ground in Parker City. Before PATTON, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for the plaintiff. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*C. E. Harrington*, with him *Harry C. Golden*, for appellant.—There is no decision in Pennsylvania which requires improvements to have been made by the party setting up the parol sale, where the entire purchase money has been paid. In fact, the decisions all suggest that the improvements required take the place of unpaid purchase money: Jamison v. Dimock, 95 Pa. 52; Anderson v. Brinser, 129 Pa. 376.

The testimony shows conclusively that there was a clear and definite understanding between the plaintiff and the defendant as to what was meant by "those lots," and the verdict of the jury was in exact accord with the interpretation put upon the term "those lots" by the plaintiff himself: Phillips v. Swank, 120 Pa. 76; Ranney v. Byers, 219 Pa. 332; Safe Deposit & Trust Co. v. Mfg. Co., 229 Pa. 295; McFarson's App., 11 Pa. 503.

*J. W. King*, with him *Jefferson R. Leason*, for appellee.—Exclusive possession must be taken in pursuance of the alleged contract and if this link be missing, the alleged claim of title fails: Hart v. Carroll, 85 Pa. 508; Wright v. Nulton, 219 Pa. 253; Weller v. Potts, 230 Pa. 6.

The continuance of a prior possession is not enough: Dougan v. Blocher, 24 Pa. 28; Wright v. Nulton, 219 Pa. 253; Baldridge v. George, 216 Pa. 231; Dill v. Westbrook, 226 Pa. 217; Lincoln v. Africa, 228 Pa. 546.

A contract is as much void when the consideration, as when the subject, is undefined. A failure to define either, renders the contract void: Soles v. Hickman, 20 Pa. 180; Ferguson v. Staver, 33 Pa. 411; Barnes v. Rea, 219 Pa. 287; Mellon v. Davidson, 123 Pa. 298; Peart v. Brice, 152 Pa. 277; Cunningham v. Neeld, 198 Pa. 41; Agnew v. Southern Ave. Land Co., 204 Pa. 192; Hammer v. McEldowney, 46 Pa. 334.

OPINION BY MORRISON, J., July 11, 1911:

This is an action of ejectment for four contiguous building lots, on the rear of which is erected a small one-story

frame dwelling.  The property is said to be of the value
of $500 and is located on the corner of Washington and
Lincoln streets in the city of Parker.  The plaintiff,
Theophilus Lemmon, and the defendant, Emma Lemmon,
are brother and sister of the half blood, being children of
the same father, Robert Lemmon, by different mothers.
The defendant being in the actual possession of the prop-
erty under claim of an equitable title and right of posses-
sion based on an alleged oral agreement made with the
plaintiff in December, 1902, the latter brought this action
of ejectment and the learned court submitted the question
in dispute to the jury and the result was a verdict in favor
of the defendant for the three lots devised to plaintiff by
his mother.  The plaintiff's counsel having, during the
trial, asked for a binding instruction in favor of the plain-
tiff, then moved the court for judgment on the whole
record for plaintiff non obstante veredicto, and on Jan-
uary 9, 1911, the court granted such judgment and allowed
the defendant an exception and sealed a bill thereon for
her.  The single assignment of error raises the question
of the validity of said judgment.

It was fully conceded at the trial, as it is here, that the
legal title to all of said lots was in the plaintiff.  One lot
was conveyed to him by deed from John Clausen, dated
March 9, 1895, and the other three lots were devised to
plaintiff by the last will and testament of his mother,
Sidney Lemmon, dated April 15, 1902.  The defendant
claims title and right of possession under the plaintiff,
alleging, first, an oral contract entered into by her with
the plaintiff in December, 1902, by which he agreed that
if she would stay with their father, and take good care of
him for the remainder of his days, that plaintiff would
give her "those lots, deeds and all," and that said con-
tract was fully performed on the part of the defendant;
that under the same she took possession of the property
and has held the same ever since, and that she took care
of their father for nearly six years till he died.  And,
second, she claimed under a writing made and signed by

the plaintiff in the form of a letter directed to his father containing the following: "Alton, Ill., August 8–04. . . . Em in regard to those lots I will have all the papers made out for you, but you must agree to stay with father as long as he lives, and then I will give them to you, deeds and all."

As the defendant's oral contract rests on her testimony alone, we think best to here quote what she says was the contract. After testifying that plaintiff told her that if she would stay home with father and take good care of him that he would do well by her and that when he came home to take care of his father he told me that if I would·take care of father he would do well by me, she was asked to state the contract and she answered: "He said that if I would stay with my father and take care of him the remainder of his days he would give me those lots, deeds and all." This is as strong as she states the contract anywhere in her testimony. The learned court below in his opinion granting judgment non obstante veredicto says, "One of the essential requisites to take the case out of the statute of frauds and perjuries is that there should be a visible change of possession in pursuance of the contract. In the case before us no such change took place." The court is evidently of the opinion that because the defendant went home and took care of her mother during her last illness she was then in possession and that she took no other possession in pursuance of the alleged parol contract to have the lots in consideration of taking care of the father for the remainder of his days. The court then says: "The continuance of a·prior possession is not enough." Citing Jones v. Peterman, 3 S. & R. 543; Aurand v. Wilt, 9 Pa. 54; Dougan v. Blocher, 24 Pa. 28; also cases collected in Wright v. Nulton, 219 Pa. 253. There can be no question about these authorities nor the principle stated by the court. But we cannot agree that the facts in the present case bring it within the rule stated in said cases. There is no evidence that the defendant ever had any possession of the property in dispute under a

claim of right or title until she went into possession under
the oral contract of December, 1902, for the purpose of
taking care of her father.   If the contract she proved had
sufficiently identified the property and the facts were as
she testified she would then have had a right to take
possession of the property to which the contract referred.
It cannot be doubted that she did take possession of the
land described in the plaintiff's writ and that she has held
it ever since.   The difficulty with her case is that no con-
tract was proved giving her a right to take possession of
any particular lots.   However, the evidence is quite clear
that she took open, exclusive and notorious possession
of the land claimed by the plaintiff, as against him.   We
do not agree with the court below that when the defendant,
who usually worked away from home, went home to take
care of her sick mother, in the absence of any contract or
agreement whatever, thereby acquired possession of the
real estate on which her mother resided.   We find no evi-
dence of possession in the defendant prior to the time she
took possession under the alleged agreement with the
plaintiff to take care of their father, and, therefore, we do
not agree with the court below that the defendant's case
fails because she did not take possession under the alleged
oral contract.   Again, the court says: "There was no money
expended by the alleged vendee, or improvements made
by her that could not readily be compensated in damages.
This is one of the essentials to take it out of the statute:
Miller v. Zufall, 113 Pa. 317.   It will not answer to show
that improvements were made and money expended, but
it must be shown that they were paid for by the money
of the alleged vendee: Dill v. Westbrook, 226 Pa. 217.
The evidence of the defendant weighed in these scales
fails."   We are constrained to disagree with this con-
clusion.   Reference to the case first above cited by the
court shows that it was a case where the purchase money
had not been paid and the other case was a parol gift of
land.   The law does require such improvements as the
court indicated in addition to possession in order to make

a good title to land by gift, but in the case of parol sales, followed by possession and payment of the purchase money, the vendee is not required to make such improvements: Jamison v. Dimock, 95 Pa. 52. In Anderson v. Brinser, 129 Pa. 376, it is said: "In Jamison v. Dimock, 95 Pa. 52, it was held, however, that in the case of a parol sale for a money consideration, fully paid according to .the contract, where the possession was taken and continuously held in pursuance thereof, it is not essential that the improvements should be such as could not be compensated in damages; that the equities of the vendee might rest upon other equally available grounds."

It is contended by plaintiff's counsel that in the present case it was not a sale for a money consideration. But if the parol contract was made as the defendant testified and the jury found and she entered into possession of the land and took care of the aged and infirm father for nearly six years, we think such care and services was the equivalent of a money consideration fully paid. And, therefore, we cannot agree with the court below in the conclusion that her case fails because she did not make valuable improvements. But notwithstanding what has been said, it does not follow that the court erred in entering judgment non obstante veredicto. In the first place the parol contract testified to by the defendant does not describe, individuate or designate any certain lots of land. While it may be true that the defendant entered into possession of the lots of land described in the plaintiff's writ and that she rendered the services agreed upon which were to be the consideration for the land designated as "those lots," yet there is not a scintilla of evidence proving or tending to prove that the parol contract mentioned or described the lots owned by the plaintiff, located on the corner of Washington and Lincoln streets in the city of Parker. The parol contract, as proved by the defendant, contains within itself no method of locating the lots.

In Anderson v. Brinser, 129 Pa. 376, it is said by our Supreme Court (p. 389): "To establish a parol contract

for the sale of land, and to take it out of the statute, the existence of the contract and its terms must be shown by full, complete, satisfactory and indubitable proof; the evidence must define the boundaries and fix the consideration; exclusive and notorious possession must have been taken under it, and continuously maintained, and the contract must have been so far in part performed, that compensation in damages would be inadequate, and rescission inequitable and unjust: Hart v. Carroll, 85 Pa. 508." But in connection with this see Jamison v. Dimock, 95 Pa. 52. See also Barnes v. Rea, 219 Pa. 287. In the latter case, on page 296, we quote from the opinion of the Supreme Court by Mr. Justice ELKIN: "Ferguson v. Staver, 33 Pa. 411, and Smith & Fleek's App., 69 Pa. 474, are authority for the rule that parol evidence is admissible to supply the particular description of lands when the contract relied on described the subject-matter of the grant sufficiently definitely to fix its location. The question to be determined in this case is whether an agreement to sell thirty-nine acres, more or less, of coal underlying a certain tract of land in Cumberland township, Greene county, Pennsylvania, without calling the tract by any name, or giving any adjoining owners, or fixing any natural boundaries, or designating in any manner by reference to deed, will, warrant, number, source of title, or in any other manner what tract of land was intended to be conveyed, is a sufficient description under the statute. Or is such a description a sufficient identification of the property, the subject-matter of the grant, as to make it permissible to supply the particular description by parol evidence? We think not." It will be noted in that case that the agreement specified the number of acres and designated the township, county and state, and yet the Supreme Court held that the contract could not be applied to any land by parol evidence.

Now take the case in hand—the contract as proved is silent as to the quantity of land, its location, the township, city, county or state where located, and it is not desig-

nated by any name or description or adjoinder by which it could be located.   Therefore, we think the parol contract as proved by the defendant is void.   In this connection see also Mellon v. Davison, 123 Pa. 298.   If the lots had been referred to in the contract as lots devised to the plaintiff by the last will of Sidney Lemmon, that would have warranted showing by parol evidence where said lots were located, but we find nothing of that kind in either the oral or written contract.

Now a word as to the so-called written contract of August 8, 1904.   We have quoted it already in this opinion and it is sufficient to call attention to the fact that it does not furnish any method whatever of locating the lots in question.   It simply refers to "those lots," but is silent as to anything that will enable a surveyor or anybody else to locate the same.   Therefore, we are of opinion that the authorities already cited, as well as many others, render it void as a basis for a title in the defendant to the lots described in the plaintiff's writ.   It is just as faulty as the oral contract of December, 1902, because it contains nothing that will enable a surveyor to determine where the land is which is designated as "those lots."

In addition to what has already been said we briefly call attention to the rule requiring that a parol contract for the sale of land must be proved by clear, precise and indubitable evidence.   As is said in the syllabus of Wood v. Farmare, 10 Watts, 195: "He who claims to recover land upon the evidence of a parol contract of purchase, will be held to full, complete, satisfactory and indubitable proof of what the contract was; what land he purchased; its boundaries; what the consideration was; that it was paid; and that possession was delivered in pursuance of the contract.   Without such proof the statute of frauds and perjuries will bar a recovery."   To the same effect is Sample v. Horlacher, 177 Pa. 247.

In the present case the testimony of the defendant as to the parol contract is flatly denied by the plaintiff.   And it is to be noted that the defendant does not testify and

does not prove that the contract authorized her to take possession of the land described in the plaintiff's writ. This we regard as a fatal defect in the proof as to the parol contract. The plaintiff flatly denies the defendant's testimony as to the parol contract and she is not corroborated, except by the writing of August 8, 1904. That writing undoubtedly did have weight with the jury as corroboration of the former parol contract. It is true that the plaintiff admits the writing of August 8, 1904, but he testifies that the defendant refused to accept that offer, and if she had accepted it we have already seen that it was void because it contains no method of locating the lots in question. In our opinion, it cannot be said that the oral contract of December, 1902, has been sustained by the quantity and quality of evidence called for by the cases, fair samples of which are the two last above cited. And as to the so-called written contract of August 8, 1904, we have already undertaken to show that it is void on its face. Indeed, we may here remark that the defendant's learned counsel did not contend at the argument for the sufficiency of the said writing, but they contended that it strongly corroborated the parol contract. In our opinion, the two contracts taken together utterly failed to establish an equitable title to the land in question in the defendant.

The assignment of error is overruled and the judgment is affirmed.

HEAD, J., concurs in the judgment.